

COPY

1  David T. Biderman, Bar No. 101577
   DBiderman@perkinscoie.com
2  Steven K. Hwang, Bar No. 216852
   SKHwang@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
4  Los Angeles, CA 90067-1721
   Telephone: 310.788.9900
5  Facsimile: 310.843.1284

FILED
CLERK, U.S. DISTRICT COURT

DEC 16 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

6  Attorneys for Defendants
   CALIBER HOME LOANS, INC., f/k/a
7  VERICREST FINANCIAL, INC. and
   SUMMIT MANAGEMENT COMPANY, LLC
8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11
12 MARY RICHARD and WILLIE          Case No. CV13-9236 CAS (MANx)
   RICHARD,
13                 Plaintiffs,      NOTICE OF REMOVAL
14       v.
15 CALIBER HOME LOANS, INC., a
   Corporation; SUMMIT
16 MANAGEMENT COMPANY, LLC, a
   Limited Liability Company; and
17 DOES 1 through 10, Inclusive,
18                 Defendants.
19
20 TO THE CLERK OF THE ABOVE-ENTITLED COURT:
21       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 (b) and
22 1446, defendant CALIBER HOME LOANS, INC., f/k/a VERICREST
23 FINANCIAL, INC. ("Caliber" or "Defendant") hereby removes to this Court the
24 state court action described below.
25       1.    On or about November 6, 2013, an action was commenced in the
26 Superior Court of the State of California in and for the County of Los Angeles,
27 entitled *Mary Richard and Willie Richard v. Caliber Home Loans, Inc., et al.*, as
28

1  case number BC526728 (the "Complaint").  A copy of the Complaint and all

2  process and pleadings received by Defendant is attached hereto as **Exhibit A**.

3       2.     Defendant Caliber was first served with a copy of the Complaint on

4  November 14, 2013 when Caliber was served with a copy of the Complaint and a

5  summons from the state court.  A copy of the summons for Caliber is attached

6  hereto as **Exhibit B**.

7       3.     This action is a civil action of which this Court has original

8  jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction), and is one which may

9  be removed to this Court by defendant pursuant to the provisions of 28 U.S.C.

10  § 1441(b) in that it is a civil action between citizens of different states and the

11  matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

12       4.     Diversity of Citizenship.  Complete diversity of citizenship exists in

13  that:

14       (a)     Plaintiffs Mary Richard and Willie Richard are citizens of the

15  State of California.  (*See* Ex. A, the Complaint at ¶ 1);

16       (b)     Defendant Caliber is a corporation incorporated under the laws

17  of the state of Delaware.  (*See* Caliber's Corporate Certification and Notice of

18  Interested Parties filed concurrently herewith);

19       (c)     Defendant Summit is a limited liability company organized

20  under the laws of the State of Delaware.  Citizenship of a limited liability company

21  is determined by the citizenship of its members.  *Johnson v. Columbia Properties*

22  *Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006).  The citizenship of each member

23  of an unincorporated association or partnership must be considered in determining

24  diversity.  *Carden v. Arkoma Associates*, 494 US 185, 195 (1990); *Rockwell Int'l*

25  *Credit Corp. v. United States Aircraft Ins. Group*, 823 F2d 302, 304 (9th Cir.

26  1987).  Summit's only member is Caliber Home Loans Inc.  Caliber is a

27  corporation incorporated under the laws of the State of Delaware with its principal

28

1  place of business in the State of Texas.  (*See* Caliber's Corporate Certification and
2  Notice of Interested Parties filed concurrently herewith);

3           (d)      The defendants identified as "DOES 1-10" in the Complaint are
4  fictitious parties against whom no cause of action can be validly alleged.  To the
5  best of defendant's information and belief, no fictitiously designated defendant has
6  been served with process, and these fictitious parties may be ignored for purposes
7  of determining removal.

8       5.       Amount in Controversy.  The amount in controversy exceeds $75,000.
9  "'In actions seeking declaratory or injunctive relief, it is well established that the
10  amount in controversy is measured by the value of the object of the litigation.'"
11  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002) (quoting *Hunt v.*
12  *Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1997)).  This
13  action concerns a mortgage loan in the amount of $570,000.00, secured by
14  real property in Los Angeles, California.  (Complaint at ¶ 9; *see also*, Ex. A to
15  Complaint.)  Plaintiffs allege a number of claims for relief relating to the
16  foreclosure of the property in question including equitable relief, restitution,
17  statutory damages, economic damages and attorneys' fees.  Thus, the object of the
18  litigation is, at a minimum, the deed of trust securing a $575,000.00 loan.  Further,
19  Plaintiffs seek an unquantified award of economic, statutory and consequential
20  damages.

21      6.       Consent of Defendants.  All defendants served consented to this
22  removal.

23      7.       Intradistrict Assignment.  Pursuant to 28 U.S.C. § 1441(a), assignment
24  to the United States District Court for the Central District of California is proper
25  because plaintiff filed the action being removed in the Superior Court of California,
26  County of Los Angeles.

27      8.       Attachment of Pleadings.  As required by 28 U.S.C. § 1446(a), true
28  and correct copies of all process, pleadings, and orders served upon defendants are

1   being filed herewith.  A true and correct copy of the state court's docket is attached
2   hereto as **Exhibit C**.

3        9.      Notice to State Court/Plaintiff.  Pursuant to 28 U.S.C. § 1446(d),
4   Defendant will promptly serve on plaintiffs and file with the Superior Court a
5   "Notice to Adverse Party of Removal to Federal Court."  Pursuant to Federal Rule
6   of Civil Procedure 5(d), defendant will also file with this Court a "Certificate of
7   Service of Notice to Adverse Party of Removal to Federal Court."

8        WHEREFORE, Defendant requests that this Court consider this Notice of
9   Removal as provided by law governing the removal of cases to this Court, that this
10  Court take such steps as are necessary to achieve the removal of this matter to this
11  Court from the Los Angeles Superior Court, and that this Court will make such
12  other orders as may be appropriate to effect the preparation and filing of a true
13  record in this cause of all proceedings that may have been had in the state court
14  action.

15

16  DATED:  December 16, 2013              **PERKINS COIE LLP**

17

18                                        By: _____
19                                             Steven K. Hwang, Bar No. 216852
                                               SKHwang@perkinscoie.com

20                                        Attorneys for Defendants
                                          CALIBER HOME LOANS, INC.,
21                                        f/k/a VERICREST FINANCIAL, INC.
                                          and SUMMIT MANAGEMENT
22                                        COMPANY, LLC

23

24

25

26

27

28

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1888 Century Park E., Suite 1700, Los Angeles, California 90067-1721. On December 16, 2013, I deposited with Federal Express, a true and correct copy of the within documents:

### NOTICE OF REMOVAL

in a sealed envelope, addressed as follows:

> Law Offices Of Abraham A. Labbad
> Abraham A. Labbad, Esq.
> 183 North Hill Avenue #203
> Pasadena, CA  91106
>
> *Attorney For Plaintiffs*

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 16, 2013, at Los Angeles, California.

Carolyn A. Sanford

# EXHIBIT A

*11-15-13  9:15*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CALIBER HOME LOANS, INC., a Corporation; SUMMIT MANAGEMENT COMPANY, LLC, a Limited Liability Company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARY RICHARD and  WILLIE RICHARD,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **CONFORMED COPY**<br>**ORIGINAL FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>NOV 06 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By Amber Hayes, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanly Mosk<br><br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>B C 5 2 6 7 2 8 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Abraham A. Labbad, 183 North Hill Ave. #203 Pasadena, CA 91106  (818) 253-1529

| DATE: 11/05/2013<br>*(Fecha)* | John A. Clarke | Clerk, by<br>*(Secretario)* | Amber Hayes | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

*NOV 05 2013*

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✔] on behalf of *(specify):*

    under: [✔] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
    [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
    [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
    [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

**Page 1 of 1**

**SUMMONS**

**SUM-200(A)**

| SHORT TITLE:<br>RICHARD v CALIBER HOME LOANS, INC | CASE NUMBER:<br>BC526728 |
| --- | --- |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

SUMMIT MANAGEMENT COMPANY, LLC, a Limited Liability Company; and Does 1 to 10, Inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Abraham Labbad, Esq. (State Bar No.: 271349)<br>183 North Hill Ave. #203, Pasadena, CA 91106<br><br>TELEPHONE NO.: (818) 253-1529   FAX NO.: (818) 530-9236<br>ATTORNEY FOR *(Name):* MARY R. RICHARD and WILLIE RICHARD, JR | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>NOV 06 2013<br><br>.... A. Clarke, Executive Officer/Clerk<br>By Amber Hayes, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street, Los Angeles, CA 90012
MAILING ADDRESS: 111 North Hill Street, Los Angeles, CA 90012
CITY AND ZIP CODE:  Los Angeles, CA 90012
BRANCH NAME: Stanly Mosk

CASE NAME:
RICHARD v. CALIBER HOME LOANS, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC526728<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[✓] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/05/2013
Abraham A. Labbad
(TYPE OR PRINT NAME)     ► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE:<br>MARY RICHARD and WILLIE RICHARD v CALIBER HOME LOANS, Inc | CASE NUMBER<br>BC526728 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL_____ ☐ HOURS/ ☐ DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | Type of Action | B<br><br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| Auto Tort | Auto (22) | ☐ | A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ | A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos  (04) | ☐<br>☐ | A6070   Asbestos Property Damage<br>A7221   Asbestos - Personal Injury/Wrongful Death | 2.<br><br>2. |
| | Product Liability (24) | ☐ | A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐<br>☐ | A7210   Medical Malpractice - Physicians & Surgeons<br>A7240   Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐<br>☐<br><br>☐<br>☐ | A7250   Premises Liability (e.g., slip and fall)<br>A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>A7270   Intentional Infliction of Emotional Distress<br>A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br><br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ | A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ | A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ | A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ | A6013   Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE:<br>MARY RICHARD and WILLIE RICHARD v CALIBER HOME LOANS, Inc | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☑ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☑ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| MARY RICHARD and WILLIE RICHARD v CALIBER HOME LOANS, Inc | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>MARY RICHARD and WILLIE RICHARD v CALIBER HOME LOANS, Inc | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☑6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1285 Pleasantridge Dr., Altadena, CA 91001 | | |
|---|---|---|---|
| CITY:<br>Altadena | STATE:<br>CA | ZIP CODE:<br>91001 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanly Most</u> courthouse in the <u>Central District</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>11/04/2013</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____   B C 5 2 6 7 2 8

#### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below . There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Michael Johnson | 56 | 514 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Rita Miller | 16 | 306 | Hon. Mark Mooney | 68 | 617 |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | |
| Hon. Barbara Scheper | 30 | 400 | | | |
| Hon. Mary H. Strobel | 32 | 406 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Elihu M. Berle*** | **323** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | OTHER | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |
| Hon. Abraham Khan | 51 | 511 | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | |
| Hon. Malcolm H. Mackey | 55 | 515 | | | |

**\*Complex**

All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

· The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev09/13)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11           **STIPULATION – EARLY ORGANIZATIONAL MEETING**           Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

    i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
               (INSERT DATE)                 (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ►   _____
          (TYPE OR PRINT NAME)                     (ATTORNEY FOR PLAINTIFF)

Date:

_____   ►   _____
          (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date:

_____   ►   _____
          (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date:

_____   ►   _____
          (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date:

_____   ►   _____
          (TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)

Date:

_____   ►   _____
          (TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)

Date:

_____   ►   _____
          (TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |

TELEPHONE NO.:           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File e Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤  _____
(ATTORNEY FOR PLAINTIFF)

➤  _____
(ATTORNEY FOR DEFENDANT)

➤  _____
(ATTORNEY FOR DEFENDANT)

➤  _____
(ATTORNEY FOR DEFENDANT)

➤  (ATTORNEY FOR _____)

➤  (ATTORNEY FOR _____)

➤  (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. **This document relates to:**
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. **Deadline for Court to decide on Request:** _____ (insert date 10 calendar days following filing of the Request).

3. **Deadline for Court to hold Informal Discovery Conference:** _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

**LAW OFFICES OF ABRAHAM A. LABBAD**
Abraham A. Labbad, Esq. (CA Bar No.: 271349)
183 North Hill Ave. #203
Pasadena, CA 91106
Office: (818) 253-1529
Fax: (818) 530-9236
Attorneys for Plaintiffs
MARY R. RICHARD and WILLIE RICHARD, JR.

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 06 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (UNLIMITED CIVIL)

CENTRAL DISTRICT COURTHOUSE (STANLEY MOSK)

| | |
|---|---|
| MARY RICHARD and<br>WILLIE RICHARD,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CALIBER HOME LOANS, INC., a<br>Corporation; SUMMIT MANAGEMENT<br>COMPANY, LLC, a Limited Liability<br>Company; and Does 1 to 10, Inclusive,<br><br>        Defendants. | Case No.: **B C 5 2 6 7 2 8**<br><br>**VERIFIED** COMPLAINT FOR:<br><br>**VIOLATION OF CALIFORNIA<br>HOMEOWNER BILL OF RIGHTS**<br>[Cal. **Civ. Code** §§ 2920.5, *et seq*]<br><br>(DEMAND FOR JURY TRIAL) |

Come now Plaintiffs, and demanding trial by jury, complain and allege as follows:

## **PARTIES**

1.    Plaintiffs MARY R. RICHARD ("MARY") and WILLIE RICHARD, JR. ("WILLIE") (hereinafter "Plaintiffs") (husband and wife) now, and at all times relevant to this complaint, are individuals residing in the County of Los Angeles, and the current owners and residents of real property commonly known as **1285 Pleasantridge Dr., Altadena, CA 91001-**

1515 (the "subject properties"), which is and has been their primary residence for almost *21 years*.

2.      Plaintiffs are informed and believe, and based upon such information and belief, thereon allege, that at all times hereinafter mentioned, defendant CALIBER HOME LOANS, INC. is and was a Corporation doing business in the County of Los Angeles ("CALIBER").  It is the parent company/successor in interest to VERICREST FINANCIAL, INC. ("VERICREST") and CALIBER HOME LOANS, INC. (collectively, "CALIBER"). CALIBER is the foreclosing lender/servicer on the subject loan/property (Fax Numbers: 1-405-608-2011 & 1-877-533-1043, Phone:      1-800-401-6587,

email: CustomerService@CaliberHomeLoans.com).

3.      Plaintiffs are informed and believe, and based upon such information and belief, thereon allege, that at all times hereinafter mentioned, Defendant SUMMIT MANAGEMENT COMPANY, LLC ("SUMMIT"), a Limited Liability Company, doing business in the County of Los Angeles.  SUMMIT is the foreclosing trustee on the subject loan/property (Phone # 866-248-2679).  Upon information and belief, SUMMIT is a wholly owned subsidiary of CALIBER. See      http://www.corporationwiki.com/Texas/Dallas/summit-management-company-llc/47482700.aspx (showing that SUMMIT is apparently a subsidiary of CALIBER HOME LOANS, INC.).

4.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to the Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs are informed and believe, and on that basis allege, that each of the Defendants designated herein as a DOE is responsible in some manner, way, form and to some extent for the events and occurrences referred to herein, and for the damages resulting to Plaintiffs.  At such times as Plaintiffs learn the true name and capacity of any Defendant named as a DOE herein, Plaintiffs will seek leave of court to amend the complaint to identify said Defendant, and include accompanying charging allegations.

5.      Plaintiffs are informed and believe, and based upon such information and belief, thereon allege, that each Defendant named in this Complaint, including DOES, was at all times herein mentioned, and now is, the agent, servant, subsidiary, partner, member, associate, representative or employee of each of the other Defendants, including DOES, and all of the things alleged to have been done by the Defendants were done in the course and scope of agency,

employment, service, subsidiary relationship, partnership, membership, association, or representative relationship, with knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates or representatives. Plaintiffs are informed and believe, and based upon such information and belief, thereon allege, that each defendant named as a DOE is responsible for each and every obligation hereinafter set forth.

## SUBJECT REAL PROPERTY

6.     The real property which is the subject of this action (the "subject property") is an owner-occupied/primary/single-family residence home located at **1285 Pleasantridge Dr., Altadena, CA 91001-1515.**

## VENUE AND JURISDICTION

7.     Venue is proper in this Court, as the subject property is located within its jurisdiction and damages do not exceed the jurisdictional limit of this Court.

## FACTUAL ALLEGATIONS

8.     On or about 01/08/1992, WILLIE and MARY purchased the subject property.

9.     On or about 07/31/2007, plaintiffs refinanced the subject property with a $570,000, 30-year, ARM loan (IR: 7.62%) from ACCREDITED HOME LENDERS, INC. ("ACCREDITED").   **Exhibit A** (www.FidelityPassport.com property profile for subject property) (VERICREST **account/loan no. 9800821689**; instrument no. 07-1804605). [*Please note that information on all of the following recorded documents can be found in Exhibit A.*]

10.     On 12/04/2012, VERICREST and SUMMIT recorded a Notice of Default ("NOD") against the subject property. **Exhibit A** (Instrument # 12-1851344; **trustee's sale # CA-12-2465-CS**).

11.     On 03/06/2013, VERICREST and SUMMIT recorded a Notice of Trustee's Sale against the subject property ("NOTS"), with an initial sale date/time/minimum bid/location of **04/02/2013**, 11:00 A.M., $592,970, and 400 Civic Center Plaza, Pomona, CA, respectively. **Exhibit A** (Instrument # 13-0340371).

12.     Since then, the **trustee's sale has been postponed *nine* times** (see below).

**VERIFIED COMPLAINT**

13.     On June 10, 2013, "Vericrest Financial, Inc., a premier financial services company specializing in the servicing of residential mortgage loans, today announced that it has changed its corporate name to Caliber Home Loans, Inc., effective immediately." **Exhibit B** (press release -- found at http://www.prnewswire.com/news-releases/vericrest-financial-changes-name-to-caliber-home-loans-210813601.html).

14.     In October 2013, plaintiffs' retained plaintiffs' counsel, Abraham A. Labbad, Esq., to help them obtain a loan modification on the subject loan from CALIBER.

15.     On or just prior to 10-30-13, Mr. Labbad went on the website https://www.lpsasap.com and saw that a trustee's sale on plaintiffs' home was scheduled for **November 8, 2013**. As of November 5th, this website still shows this scheduled sale. **Exhibit C.**

16.     On 10-30-13, Mr. Labbad attempted multiple times to fax CALIBER a **complete** loan modification application package (i.e., all the documents required by CALIBER according to CALIBER's website at https://www.caliberhomeloans.com, **including an executed Hardship Letter and Expense Statement [i.e., Request for Modification Affidavit ("RMA")) to fax # 405-608-2011** (i.e., the fax # listed on its website for submission of loan modification application packages). However, for some inexplicable reason, CALIBER's fax machine repeatedly rejected the package. **Exhibit D** (fax cover sheet showing attachments, including hardship letter, that comprise complete package [attempted fax at 8:41 pm, and rejected fax transmittal sheet at 8:52 pm]). **The Fax cover sheet included a request to stop the November 8th trustee's sale**.

17.     As a result, Mr. Labbad thereafter e-mailed the same **complete** loan modification application package (**including an executed Hardship Letter and Expense Statement [i.e., Request for Modification Affidavit ("RMA")) to CALIBER at** CaliberMods@caliberhomeloans.com (i.e., the e-mail address identified on its website for

submission of loan modification application packages). **Exhibit E** (email showing attachments of said documents). Fortunately, the submission was not rejected by CALIBER's server.

18.　　On the early morning of 10-31-2013, Mr. Labbad called **CALIBER** at 1-800-401-6587 and spoke to "**Madonia**" (id # 24324), who identified herself as a representative in the customer service dept.　　She asked him to fax in an executed 3rd party authorization form ("TPA") to fax number 405-608-2008, which he immediately did at approximately 9 am. **Exhibit F** (Fax transmittal & fax cover sheets & TPA).

19.　　He was then transferred to "**Courtney**" (ID # 24443), who identified herself as a representative in **CALIBER**'s loss mitigation department ("LMD"). He asked her whether CALIBER had received plaintiffs' application (submitted via e-mail the previous day, Oct. 30th) in their system and, most importantly, who at their company had the authority to postpone or cancel the **sale date scheduled for 11-08-13**. Courtney confirmed that they had received the package. Courtney then said that according to CALIBER's internal system notes, no sale date was scheduled and that therefore no one at CALIBER could postpone it. However, she did confirm that there was an "active" trustee's sale # of **CA-12-2465-CS**. Finally, she told him to call CALIBER's "law firm" (i.e., foreclosure trustee), SUMMIT, at phone # 858-649-5762, regarding any sale dates or postponements.

20.　　He then immediately called **SUMMIT** and spoke to "**Shavanta**" (Id # 24322) in the foreclosure dept., who **confirmed that there was indeed a sale date of November 8th** scheduled on the subject property. However, she told him to contact "LASAP" (i.e., LPS AGENCY SALES AND POSTINGS) at (714) 730-2727 about any postponement because "they handle all our sales".

21.　　He immediately called LASAP and spoke to "**Leticia**" in the foreclosure sales postings dept., who confirmed said sale but told him that only SUMMIT could stop the sale.

22.     He immediately called back SUMMIT and again spoke to Shavanta, who suggested he speak to the person she identified as plaintiffs' "Single point of contact" ("SPOC"), **Erica Morales**, about stopping the sale.

23.     He asked to be transferred to Ms. Morales; however, he was instead transferred to **"Keisha"** (ID # 24152), who identified herself as another representative in the LMD.  He explained to Keisha about the issue regarding the conflicting information about the November 8th sale date (i.e., that according to CALIBER, no sale was pending, but according to SUMMIT and LSAP, the sale date was in fact scheduled).  Keisha, **who identified _herself_ as plaintiffs' SPOC**, said that "a request to postpone the [November 8th sale] was submitted [by CALIBER] on October 24th, and it's their [SUMMIT's] obligation to update their system."

24.     On 11-01-13, Mr. Labbad called CALIBER and spoke to **"Mary"** (ID # 24168), who **confirmed the November 8th sale date** but told him that the sale would not be postponed because plaintiffs had failed to submit a package "in time prior to the sale date", which, according to her, was **15 days prior to any scheduled sale.**

25.     After taking the account info (including account number, address and last four digits of Willie's S.S. number), she said that "our system shows that they need expense documents [i.e., the RMA] and a new hardship letter that is signed".  When he explained that these documents had been submitted on October 30th via e-mail (along with the rest of the package), she replied that "our system hasn't updated that those specific documents [i.e., the hardship letter and RMA] have been received."  She suggested that he wait until those specific documents "are in the system" and to call back on November 5th.  However, she told him, "I can't promise him."  Apparently, **Mary was yet another "Single" POC on plaintiffs' file**.

26.     On 11-05-13, Mr. Labbad called CALIBER and spoke to **"Moses"** (ID # 24321), who **confirmed the sale date on Nov. 8th**. Also, Mr. Labbad was told that "there is no postponement in our system" and "the sale is still on for the 8th of November". Also, he

confirmed that a "**complete package must be submitted 15 days before the sale date for any postponement**".

27.     That same day, November 5th, plaintiffs received a letter from CALIBER dated October 30th informing them that "This letter is being sent to you regarding your request for a modification on [your] loan.... [W]e are unable to process your request at this time as the document(s) below have not been provided: Expenses Statement [and] Hardship Letter.  Please [send] the document(s) indicated above and send to [us] ... so that we may complete our review. [...] Once a complete package is received, we will review your documentation, evaluate your eligibility, and make a decision within 30 days.  If you qualify, we will contact you ... and you will be afforded 14 days to accept or decline the offer. [...] Please return requested documents within 30 days.  If we do not receive the requested documents within 30 days, the modification request will be denied. [...] Sincerely, SPOC Department."  **Exhibit G**.  No name of an SPOC is identified therein.

28.     *As of November 5, 2013, according to the website for LPS Agency Sales and Postings (http://www.lpsasap.com/ts.aspx), the trustee's sale is still scheduled for November 8, 2013*.  **Exhibit C**.

29.     On November 5th at 4:26 pm, Mr. Labbad called SUMMIT and spoke to "Justin" who confirmed the November 8th sale but said "We did receive a call today from someone [his notes did not indicate from whom] that the sale **may** be postponed."  Finally, Justin confirmed that the **trustee's sale has been postponed nine times, and that no other NOTS other than the 03/06/2013 has been recorded or sent to plaintiffs**.

30.     Immediately thereafter, Mr. Labbad called LASAP's automated sales line at (714) 730-2727, which confirmed said sale date, as well as the opening bid of $643,203.

31.     *To date, plaintiffs have not received a denial letter of any kind from CALIBER or SUMMIT or any related entity*.

        ///

**Defendants' HBOR Violations**

32. __Violation #1:__ Under Cal. *Civ. Code* § 2924.11 (a) and § 2923.6(c), "If a borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested foreclosure prevention alternative." Here, defendants did not review plaintiffs' October 30th application package, much less sent a written denial that complies with HBOR.

33. Under Cal. *Civ. Code* § 2924.11 (f), "For purposes of this section, an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Here, plaintiffs through their counsel have provided every document requested within a reasonable period.

34. __Violation #2:__ Under Cal. *Civ. Code* § 2924.10, "(a) When a borrower submits a complete first lien modification application or any document in connection with a first lien modification application, the mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt. In its initial acknowledgment of receipt of the loan modification application, the mortgage servicer shall include the following information: (1) A description of the loan modification process, including an estimate of when a decision on the loan modification will be made after a complete application has been submitted by the borrower and the length of time the borrower will have to consider an offer of a loan modification or other foreclosure prevention alternative; (2) Any deadlines, including deadlines to submit missing documentation, that would affect the processing of a first lien loan modification application; (3) Any expiration dates for submitted documents; (4) Any deficiency

8

VERIFIED COMPLAINT

in the borrower's first lien loan modification application." Here, at no time, much less within five days, did CALIBER provide said acknowledgment to plaintiffs or their counsel following the October 30th e-mailed complete package.

35.    **Violation #3:**  Under Cal. *Civ. Code* § 2923.7, HBOR requires lenders to a designate a "single point of contact" for borrowers to request foreclosure alternatives and provide the borrower one or more direct means of communicating with that point of contact. Like the dual-tracking provision, the single-point-of-contact provision "is intended to prevent borrowers from being given the run around, being told one thing by one bank employee while something entirely different is being pursued by another." *Jolley v. CHASE Home Finance, LLC*, 213 Cal. App. 4th 872, 904-905 (2013).  Here, CALIBER gave plaintiffs' counsel the proverbial runaround by forcing him to communicate with at least three (3) supposedly "single" POC's.  Indeed, the fact that an entire department is designated as plaintiffs' SPOC defeats the entire purpose of this specific HBOR provision.

36.    **Violation #4:**  Under Cal. *Civ. Code* § 2924g, HBOR requires that whenever a trustee's sale is postponed for a period of at least 10 business days, a mortgagee, beneficiary, or authorized agent shall provide written notice to the borrower within five business days of the postponement. Here, no such notice was ever provided to plaintiffs.

## REQUEST FOR STATUTORY ATTORNEY'S FEES

37.    Plaintiffs allege that CALIBER has violated these provisions of HBOR and believes they will prevail at this stage, as well as at the preliminary injunction.  Under *Cal. Civ. Code* § 2924.12 (i), "A court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section."

## Tender

38.   Plaintiffs are able, ready and willing to tender the total sum due on the subject loan.

///

9

**VERIFIED COMPLAINT**

**FIRST CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS**
[Cal. Civ. Code §§ 2920.5, *et seq.*]
(Against All Defendants)

39.    Plaintiffs re-allege and incorporate by this reference all the allegations of the preceding paragraphs of this complaint as though fully set forth herein.

40.  Defendants' and other lenders' practice of negotiating with homeowners in default on their loans for a loan modification while simultaneously advancing the foreclose process is commonly referred to as "dual tracking." Dual tracking has been heavily criticized by both state and federal legislators. In July 2012, California passed legislation referred to as the "California Homeowner Bill of Rights" ("HOBR") which prohibits dual tracking.  **These provisions... require lenders to negotiate with borrowers in default to seek loss mitigation solutions.**" *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 903 (2013).

41.    As of January 1, 2013, HOBR went into effect, offering homeowners greater protection during the foreclosure process. Cal. *Civ. Code* § 2923.6(b). Section 2923.6(b) states "it is the intent of the legislature that the mortgage servicer offer the borrower a loan modification or work out a plan if such a modification or plan is consistent with its contractual or other authority." The statute further provides that "if a borrower submits a complete application for a first lien loan modification . . . the mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. *Civ. Code* § 2923.6(c) (2013).

42.  Also under this new law, the mortgage servicer must establish a single point of contact and provide one or more direct means of communication with the single point of contact. Cal. *Civil Code* § 2923.7(a). That contact shall be responsible for communicating the process for foreclosure prevention alternatives and coordinating receipt of all documents associated with same. *Id.* at (b)(1). Further, that point of contact shall have access to all current information and timely provide same to adequately inform the borrower.  *Id.* at (b)(2). Like the dual-tracking provision, the single-point-of-contact provision "is intended to prevent borrowers from being given the run around, being told one thing by one bank employee while something entirely

different is being pursued by another." *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 904-905 (2013).

43.     Under Cal. *Civil Code* § 2924.11(a), "If a borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent **shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility** for the requested foreclosure prevention alternative."

44.   § 2924.11 (b) "Following the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower **identifying with specificity the reasons for the denial and shall include a statement that the borrower may obtain additional documentation supporting the denial decision upon written request to the mortgage servicer.**"

45.   § 2924.11 (f) "For purposes of this section, an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer."

46.   Next, under Cal. *Civ. Code* § 2924.12(i), "A court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section."

47.     Here, defendants violated all of the preceding provisions of HOBR.

48.     As a proximate result of the aforementioned actions by Defendants, Plaintiffs face the permanent loss of and eviction from their property and will thereby suffer economic loss in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

      a. For actual damages according to proof;

      b. For compensatory damages as permitted by law;

c. For consequential damages as permitted by law;

d. For statutory damages as permitted by law, including under HBOR;

e. For equitable relief, including restitution and an accounting of all payments made on the subject loan.

f. For interest as permitted by law;

g. For reasonable attorneys' fees and costs, including under HOBR;

h. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 5, 2013          **LAW OFFICES OF ABRAHAM A. LABBAD**

By: _____
Abraham A. Labbad, Esq.
Attorneys for Plaintiffs
MARY R. RICHARD and
WILLIE RICHARD, JR.

## VERIFICATION

I, WILLIE RICHARD, JR., am one of the plaintiffs in this action. I have read the Verified Complaint, and all the facts and allegations contained therein are true to the best of my knowledge and recollection, except as to those matters stated on information and/or belief and, as to those matters, I believe them also to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at the City of Altadena, CA on November 05, 2013.

_Mary R. Richard_
MARY R. RICHARD

I, WILLIE RICHARD, JR., am one of the plaintiffs in this action.  I have read the Verified Complaint, and all the facts and allegations contained therein are true to the best of my knowledge and recollection, except as to those matters stated on information and/or belief and, as to those matters, I believe them also to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at the City of Altadena, CA on November 05, 2013.

WILLIE RICHARD, JR.

**Exhibit A**

Fidelity National Title Company Profile Report                                    10/31/13, 11:16 AM



 **Property History**

1285 PLEASANTRIDGE DR, ALTADENA, CA, 91001- 1515

## Foreclosure Record

| | | | |
|---|---|---|---|
| Recording Date | 03/06/2013 | Document # | 13-0340371 BK-PG - |
| Document Type | Notice of Sale (aka Notice of Trustee's Sale) | | |
| Lender Name | | | |
| Auction Location | 400 CIVIC CENTER PLZ, POMONA | | |
| Auction Date/Time | 04/02/2013 11:00 A.M. | | |
| Min. Bid Amount | $592,970 | | |

## Foreclosure Record

| | | | |
|---|---|---|---|
| Recording Date | 12/04/2012 | Document # | 12-1851344 BK-PG - |
| Document Type | Notice of Default | | |
| Beneficiary Name | VERICREST FINANCIAL INC | | |
| Trustor Names | RICHARD JR, WILLIE; RICHARDMARY R | | |
| Trustee Name | SUMMIT MANAGEMENT COMPANY LLC | | |
| Mailing Address | 16745 W BERNARDO DR# 100, SAN DIEGO, CA 92127- | | |
| Trustee Phone # | 866-248-2679 | | |
| TS# | CA-12-2465-CS | Loan Doc # | 07-1804605 |
| Loan Date | 07/31/2007 | Loan Amount | $570,000 |
| Contact Name | VERICREST FINANCIAL INC | Attention | SUMMIT MANAGEMENT COMPANY LLC |
| Mailing Address | 16745 W BERNARDO DR# 100, SAN DIEGO, CA 92127- | | |
| Legal Description : | | | |

## Foreclosure Record

| | | | |
|---|---|---|---|
| Recording Date | 06/10/2009 | Document # | 09-0868631 BK-PG - |
| Document Type | Notice of Rescission | | |

| **Original Foreclosure Document** | 09-0048802 |
|---|---|

**Offered by Fidelity National Title Company**
All information produced is deemed reliable but is not guaranteed.



Fidelity National Title Company Profile Report                                    10/31/13, 11:16 AM



## Foreclosure Record

| Recording Date | 04/20/2009 | Document # | 09-0569488 BK-PG - |
|---|---|---|---|
| Document Type | Notice of Sale (aka Notice of Trustee's Sale) | | |
| Lender Name | | | |
| Auction Location | 12720 NORWALK BLVD, NORWALK | | |
| Auction Date/Time | 05/06/2009 10:30 A.M. | | |
| Min. Bid Amount | $599,850 | | |

## Foreclosure Record

| Recording Date | 01/14/2009 | Document # | 09-0048802 BK-PG - |
|---|---|---|---|
| Document Type | Notice of Default | | |
| Beneficiary Name | ACCREDITED HOME LENDERS INC | | |
| Trustor Names | RICHARD JR, WILLIE; RICHARDMARY R | | |
| Trustee Name | NOT GIVEN | | |
| Mailing Address | | | |
| Trustee Phone # | | | |
| TS# | CA-09-01612-CS | Loan Doc # | 07-1804605 |
| Loan Date | 07/31/2007 | Loan Amount | $570,000 |
| Contact Name | ACCREDITED HOME LENDERS INC | Attention | WINDSOR MANAGEMENT CO |
| Mailing Address | 15253 AVENUE OF SCIENCE, SAN DIEGO, CA 92128- | | |
| Legal Description : Lot: 8 | | | |

## Mortgage Record

| Recording Date | 07/31/2007 | Document # | 07-1804605 BK-PG - |
|---|---|---|---|
| Loan Amount: | $570,000 | Loan Type | Unknown |
| TD Due Date | 08/01/2037 IR:7.62% | Type of Financing | ADJ |

Fidelity National Title Company Profile Report

10/31/13, 11:16 AM

| Lender Name | ACCREDITED HOME LENDERS INC | | |
|---|---|---|---|
| Lender Type | *X | Vesting | Community Property(Marital Community) |
| Borrowers Name | RICHARD JR,WILLIE; RICHARD,MARY R | | |
| Fixed Step | | | |
| Adjustable Rate Index | 6 Month Libor | Change Index | 4.62% |
| Rate Change Frequency | Six months or Semi-annually | First Change Date | 08/01/2012 |
| Int Rate not < | 7.62% | Int Rate not > | 9.12% |
| Maximum Interest Rate | 14.62% | Interest Only Period | |
| Prepayment Penalty Rider | No | Prepayment Penalty Term | |
| Legal Description : Lot: 8  Tract No: 26758 | | | |

**Offered by Fidelity National Title Company**
All information produced is deemed reliable but is not guaranteed.

 Fidelity National Title
Insurance Company

Fidelity National Title Company Profile Report                                    10/31/13, 11:16 AM



**Fidelity National Title Insurance Company**

The Ultimate Service for Your Success

## Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 04/10/2006 | Document # | 06-0780878 BK-PG - |
| Loan Amount: | $200,000 | Loan Type | Credit Line (Revolving) |
| TD Due Date | | Type of Financing | VAR |
| Lender Name | GB HOME EQUITY LLC | | |
| Lender Type | Mortgage company | Vesting | |
| Borrowers Name | RICHARD,MARY R; RICHARD JR,WILLIE | | |
| Legal Description : Lot: 8  Tract No: 26758 City/Muni/Twp: UNINCORPORATED | | | |

## Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 02/27/2003 | Document # | 03-0573507 BK-PG - |
| Loan Amount: | $300,000 | Loan Type | Unknown |
| TD Due Date | 03/01/2033 | Type of Financing | |
| Lender Name | FIRST MORTGAGE CORP | | |
| Lender Type | Mortgage company | Vesting | Community Property(Marital Community) |
| Borrowers Name | RICHARD JR,WILLIE; RICHARD,MARY R | | |
| Legal Description : Lot: 8  Tract No: 26758 | | | |

## Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 11/05/1998 | Document # | 98-2031868 BK-PG - |
| Loan Amount: | $32,000 | Loan Type | Unknown |
| TD Due Date | | Type of Financing | |
| Lender Name | VONS EMPLOYEES FCU | | |
| Lender Type | Credit Union | Vesting | Joint Tenancy |
| Borrowers Name | RICHARD JR,WILLIE; RICHARD,MARY R | | |
| Legal Description : Lot: 8  Tract No: 26758 | | | |

**Offered by Fidelity National Title Company**
All information produced is deemed reliable but is not guaranteed.

Fidelity National Title Company Profile Report



**Fidelity National Title**
Insurance Company

Fidelity National Title Company Profile Report

10/31/13, 11:16 AM



## Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 02/04/1998 | Document # | 98-0183963 BK-PG - |
| Loan Amount: | $194,000 | Loan Type | Unknown |
| TD Due Date | 02/01/2028 | Type of Financing | |
| Lender Name | GN MTG CO | | |
| Lender Type | Mortgage company | Vesting | |
| Borrowers Name | RICHARD JR,WILLIE; RICHARD,MARY R | | |
| Legal Description : Lot: 8 Tract No: 26758 | | | |

## Prior Transfer

| | | | |
|---|---|---|---|
| Recording Date | 01/08/1992 | Document # | BK-PG - |
| Price | N/A | Document Type | N/A |
| First TD | N/A | Type of Sale | Per Assessor Transaction History |
| Mortgage Doc # | | Interest Rate | |
| Lender Name | N/A | | |
| Buyer Name | RICHARD, WILLIE JR AND MARY R | Seller Name | N/A |
| Buyer Vesting | N/A | | |
| Legal Description : Lot: 8  Tract No: 26758  Abbreviated Description: LOT 8 TR NO 26758 AND POR OF S 1/2 OF NE 1/4 OF SEC 3 T1N R12W City/Muni/Twp: REGION/CLUSTER: 05/05163 | | | |

Offered by Fidelity National Title Company
All information produced is deemed reliable but is not guaranteed.



**Exhibit B**

Vericrest Financial Changes Name to Caliber Home Loans -- IRVING, Tex...          http://www.prnewswire.com/news-releases/vericrest-financial-changes-...



Connect with Us:

**Online Member Center**
Not a Member?
Click Here to Join          Login

Member Sign In
For Journalists
For Bloggers
Global Sites

**Search News Releases**

PR Newswire Services          Knowledge Center          Browse News Releases          Contact PR Newswire          Send a News Release

See more news releases in Advertising | Banking & Financial Services | Real Estate | Acquisitions, Mergers and Takeovers

# Vericrest Financial Changes Name to Caliber Home Loans

Like   3          in          More +

IRVING, Texas, June 10, 2013 /PRNewswire/ -- Vericrest Financial, Inc., a premier financial services company specializing in the servicing of residential mortgage loans, today announced that it has changed its corporate name to Caliber Home Loans, Inc., effective immediately.

Caliber Funding LLC and Vericrest Financial previously announced, on January 17, 2013, plans to combine organizations to create a full-service, residential mortgage banking organization offering both loan origination and loan servicing solutions. The combined organization will continue to be owned by and have the capital backing of Lone Star Funds.

The new name was selected to be descriptive of the company's consumer-friendly focus and broad range of mortgage banking services.

"Vericrest Financial and Caliber Funding have continued to grow and evolve since the merger was announced and our teams have been hard at work bringing our two companies together," said Joe Anderson, Chairman and CEO of Caliber Home Loans. "Changing Vericrest Financial's corporate name to Caliber Home Loans marks a significant milestone in this process and brings us one step closer to combining these two companies."

The legal close of the merger is expected in the coming months, subject to customary closing conditions.

**About Caliber Home Loans, Inc.**

Caliber Home Loans, Inc. is a premier financial services company specializing in the servicing of residential mortgage loans in all 50 states. Through three Centers of Excellence in Texas, Oklahoma and California, Caliber Home Loans provides superior service and innovative solutions to meet the needs of our customers and investors while maintaining the highest levels of integrity and compliance. Caliber Home Loans is owned by Lone Star Funds, a global private equity fund. To learn more about Caliber Home Loans, visit www.caliberhomeloans.com or call 1-800-401-6587.

SOURCE Vericrest Financial, Inc.

RELATED LINKS
http://www.caliberhomeloans.com

Like   3          in

**Featured Video**



Bob Evans Farms® Announces Hunger Free Communities Campaign

**Journalists and Bloggers**

Visit PR Newswire for Journalists for releases, photos, ProfNet experts, and customized feeds just for Media.

View and download archived video content distributed by MultiVu on The Digital Center.

Next in Advertising News

**Custom Packages**

Browse our custom packages or build your own to meet your unique communications needs.

Start today.

**PR Newswire Membership**

Fill out a PR Newswire membership form or contact us at (888) 776-0942.

**Learn about PR Newswire services**

Request more information about PR Newswire products and services or call us at (888) 776-0942.

About PR Newswire | Contact PR Newswire | PR Newswire's Terms of Use Apply | Careers | Privacy | Site Map | RSS Feeds | Blog
Copyright © 2013 PR Newswire Association LLC. All Rights Reserved.
A UBM plc company.
Dynamic Site Platform powered by Limelight Networks.

**Exhibit C**

Search Trustee Sales | LPS Agency Sales And Posting

http://www.lpsasap.com/ts.aspx

## LPS Agency Sales And Posting

Banking Mortgage Information
Technology

LPS ASAP - One Source, Powerful Solutions

| HOME | COMPANY | SERVICES | CONTACT US | F.A.Q. |

### Terms of Use

By using this service you agree to the terms described below

While LPS - Agency Sales and Posting has attempted to make the information on this server as accurate as possible, the information on this Web server is provided in good faith without any express or implied warranty.

There is no guarantee given as to the accuracy or correctness of any individual item on the server. Persons accessing the server who require confirmation of any information should refer directly with their representative at LPS - Agency Sales and Posting.

LPS - Agency Sales and Posting does not accept responsibility for any loss or damage occasioned by use of the information contained on the server. All access and use is at the risk of the user. LPS - Agency Sales and Posting reserves the right to discontinue providing the information at any time without notice and to impose limitations on access. Individual users are responsible for any charges that their use may incur.

**Sales Search**

State:
County:
City:
Zip Code
TS #:
ASAP #:
APN:
Property Address:

Sale Date Range:
Start Date
End Date

**Search     Clear**
Sale history is limited to today

*LPS*

Your search returned 1 record(s).

Summary View
Displaying 200 records per page:

| Sale Date | Property Detail | Sale Detail |
|---|---|---|
| Friday 11/8/2013 11:00:00 AM | Address: 1285 PLEASANTRIDGE DRIVE<br>City: ALTADENA<br>State: CA<br>Zip: 91001<br>County: Los Angeles<br>APN: 5843-029-048 | Sale Status: Postponed to 11/08/2013<br>TS Number: CA12248SCS<br>ASAP Number: 4342020<br>Notice of Sale Amt: $592,970.87<br>Opening Bid Amt: $643,203.00<br>Sold Amt: 0<br>Sale Location: By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766<br>Trustee: Summit Trustee Services, LLC<br>Trustee Phone#: 858-790-5162 |

Copyright © 2013 Lender Processing Services, Inc., All rights reserved.

Privacy Statement | Site Support (3) | v4.0.2.14457

**Exhibit D**

Gmail - Unsuccessful fax transmission to 14056082011. Re: Willie Richar...      https://mail.google.com/mail/u/0/?ui=2&ik=f3ec73b2e8&view=pt&q=wil...



Abe Labbad <abelabbad@gmail.com>

## Unsuccessful fax transmission to 14056082011. Re: Willie Richard and Mary Richard, Loan #s: 9800821689, Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

**NoReply@myfax.com** <NoReply@myfax.com>
To: abelabbad@gmail.com

Wed, Oct 30, 2013 at 8:52 PM



Dear Abraham Labbad,

Re: Willie Richard and Mary Richard, Loan #s: 9800821689,
Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

The fax you recently sent through MyFax.com to 14056082011
did not go through because transmission was interrupted. Be sure
to check that you have the correct number and that you have
entered it properly. Enter numbers only, no dashes or brackets.

Please verify the fax number before re-transmitting. If after
another attempt you are still having trouble sending your fax,
please contact Customer Service.

Best regards,

myFax.com

### How to Send a Fax Using Email



Send a fax demo

Watch the 1 minute demo

### Contact Customer Support

| | |
|---|---|
| **Hours:** | 24 hours per day 7 days a week. |
| **Email:** | support@myfax.com |
| **North America:** | |
| **Toll-Free:** | (866) 563-9212 |
| **UK:** | |
| **Free Phone:** | 0808 804 0015 |

11/5/2013 2:42 PM

Gmail - Unsuccessful fax transmission to 14056082011. Re: Willie Richar...      https://mail.google.com/mail/u/0/?ui=2&ik=f3ec73b2c8&view=pt&q=wil...

**International:**      (613) 260-6325

 **eVoice**    **FuseMail**    **campaigner**™    **Keep Safe**    **onebox**

(C) 2012. All rights reserved. MyFax is a registered trademark of j2 Global, Inc. and its affiliates.
Your use of the MyFax service is subject to the terms of the MyFax Customer Agreement

11/5/2013 2:42 PM



Abe Labbad <abelabbad@gmail.com>

## Willie Richard and Mary Richard, Loan #s: 9800821689, Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

**A. labbad** <abelabbad@gmail.com>                        Wed, Oct 30, 2013 at 8:41 PM
To: 14056082011@myfax.com, "abelabbad@gmail.com" <abelabbad@gmail.com>,
richnpriaz@aol.com

Willie Richard and Mary Richard,
Loan #s: 9800821689,
Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

# URGENT PLEASE STOP THE TRUSTEE SALE DATE SCHEDULED ON November 08, 2013.

--
Abraham A. Labbad, Esq.
Phone: 818-253-1529
Fax:    818-530-9236
The Fax number above is an electronic fax number.
**Do NOT fax any documents or items, unless you also notify me by email, otherwise I will delete the fax upon receipt without opening the file.**

This message is a confidential communication from a law firm.  Interception of this message is a violation of the Electronic Communications Privacy Act, 18 U.S.C. 510-2521 and 2707-2709. This message may be protected by the attorney-client privilege and or the attorney work-product doctrine. If you are not the intended recipient of this message, any disclosure, copying, distribution or use of the information contained in or attached to this message is prohibited. If you have received this message in error, please immediately delete the message and any attachments, and notify me at 8182531529. Thank you.

13 attachments

**0001_Fax Cover Letter Loan Modification_Richard.pdf**
76K

**001_AFFIDAVIT OF REP_Richard.pdf**
164K

**01_Richards Hardship Letter 10-30-13.pdf**
55K

**1_Richards RMA.pdf**
1169K

Gmail - Willie Richard and Mary Richard, Loan #s: 9800821689, Proper...        https://mail.google.com/mail/u/0/?ui=2&ik=f3ec73b2e8&view=pt&q=wil...

**2_Richards  4506 T FORM.pdf**
364K

**3_Richards Tax_2012.pdf**
2375K

**4_Richards Tax_2011.pdf**
1554K

**5_Richards Income from SS and Retirment.pdf**
286K

**6_Richards Chase Bank Statement 09-25-13.pdf**
376K

**6_Richards Chase Bank Statement 10-24-13.pdf**
339K

**6_Richards PFSU Bank Statement.pdf**
1348K

**6_Richards Vons Bank Statement 9-30-13.pdf**
837K

**6_Richards Vons Bank Statement 10-31-13.pdf**
980K

11/5/2013 2:50 PM

10/30/2013

**To:** Caliber Home Loans or Vericrest Mortgage
Loan Modification Department

**RE:** Willie Richard and Mary Richard <u>Hardship Letter</u>:
Loan #s: 9800821689
Property: **1285 Pleasantridge Dr. Altadena, CA 91001**

# Loan Modification Cover Letter

Dear Caliber Home Loans or Vericrest Mortgage representative,

Attached is the complete home loan modification application (RMA) including;

(1) 3RD PARTY REPESENTATION Notice
(2) Hardship Letter
(3) Home Loan Modification Application (RMA)
(4) 4506 T form
(5) 2011 and 2012 Tax Returns Signed and Dated
(6) Willie Richard Social Security Income Notice, and Mary Richard Social Security Income Notice
(7) Willie Richard Retirement income notice from Prudential Financial, and Mary Richard Retirement income notice from CalPERS
(8) Two most recent bank statements from Chase Bank, Pasadena, service FCU, and Vons Credit Union.

Thank you

Willie Richard

Mary Richard

# URGENT PLEASE STOP THE TRUSTEE SALE DATE SCHEDUALED ON November 08, 2013.

**Exhibit E**

          **Abe Labbad <abelabbad@gmail.com>**

# Willie Richard and Mary Richard, Loan #s: 9800821689, Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

**A. labbad** <abelabbad@gmail.com>                             Wed, Oct 30, 2013 at 8:41 PM
To: 14056082011@myfax.com, "abelabbad@gmail.com" <abelabbad@gmail.com>,
richnpriaz@aol.com

Willie Richard and Mary Richard,
Loan #s: 9800821689,
Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

# URGENT PLEASE STOP THE TRUSTEE SALE DATE SCHEDULED ON November 08, 2013.

--
Abraham A. Labbad, Esq.
Phone: 818-253-1529
Fax:    818-530-9236
The Fax number above is an electronic fax number.
**Do NOT fax any documents or items, unless you also notify me by email, otherwise I will
delete the fax upon receipt without opening the file.**

This message is a confidential communication from a law firm. Interception of this message is
a violation of the Electronic Communications Privacy Act, 18 U.S.C. 510-2521 and 2707-2709.
This message may be protected by the attorney-client privilege and or the attorney
work-product doctrine. If you are not the intended recipient of this message, any disclosure,
copying, distribution or use of the information contained in or attached to this message is
prohibited. If you have received this message in error, please immediately delete the message
and any attachments, and notify me at 8182531529. Thank you.

**13 attachments**

📄 **0001_Fax Cover Letter Loan Modification_Richard.pdf**
    76K

📄 **001_AFFIDAVIT OF REP_Richard.pdf**
    164K

📄 **01_Richards Hardship Letter 10-30-13.pdf**
    55K

📄 **1_Richards RMA.pdf**
    1169K

Gmail - Willie Richard and Mary Richard, Loan #s: 9800821689, Proper...        https://mail.google.com/mail/u/0/?ui=2&ik=f3ec73b2e8&view=pt&q=12...

**2_Richards  4506 T FORM.pdf**
364K

**3_Richards Tax_2012.pdf**
2375K

**4_Richards Tax_2011.pdf**
1554K

**5_Richards Income from SS and Retirment.pdf**
286K

**6_Richards Chase Bank Statement 09-25-13.pdf**
376K

**6_Richards Chase Bank Statement 10-24-13.pdf**
339K

**6_Richards PFSU Bank Statement.pdf**
1348K

**6_Richards Vons Bank Statement 9-30-13.pdf**
837K

**6_Richards Vons Bank Statement 10-31-13.pdf**
980K

**Exhibit F**

Gmail - Successful transmission to 14056082003. Re: 3rd party notice re...    https://mail.google.com/mail/u/0/?ui=2&ik=f3cc73b2e8&view=pt&q=wil...

 Gmail

Abe Labbad <abelabbad@gmail.com>

## Successful transmission to 14056082003. Re: 3rd party notice re: RE: Willie Richard and Mary Richard Hardship Letter: Loan #s: 9800821689 Property: 1285 Pleasantridge Dr. Altadena, CA 91001

1 message

**NoReply@myfax.com** <NoReply@myfax.com>
To: abelabbad@gmail.com

Thu, Oct 31, 2013 at 9:11 AM

myfax

Dear Abraham Labbad,

Re: 3rd party notice re: RE: Willie Richard and Mary Richard Hardship
Letter: Loan #s: 9800821689 Property: 1285 Pleasantridge Dr. Altadena,
CA 91001

The 2 page fax you sent through MyFax.com to 14056082003 was
successfully transmitted at 2013-10-31 16:11:22 (GMT).

The length of transmission was 92 seconds

The receiving machine's fax ID:

If you need assistance, please visit our online help center at
http://www.myfax.com/support/. Thank you for using the MyFax service.

myFax.com

Put the
**Power**
of the
**Cloud**
to
**Work**
for Your
**Business**



j2)

Gmail - Successful transmission to 14056082003. Re: 3rd party notice re...    https://mail.google.com/mail/u/0/?ui=2&ik=f3ec73b2e8&view=pt&q=wil...



(C) 2012. All rights reserved. MyFax is a registered trademark of j2 Global, Inc. and its affiliates.
Your use of the MyFax service is subject to the terms of the MyFax Customer Agreement

11/5/2013 2:55 PM

Gmail - Willie Richard and Mary Richard, Loan #s: 9800821689, Proper...          https://mail.google.com/mail/u/0/?ui=2&ik=f3ec73b2e8&view=pt&q=wil...



**Abe Labbad <abelabbad@gmail.com>**

## Willie Richard and Mary Richard, Loan #s: 9800821689, Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001
1 message

**A. labbad** <abelabbad@gmail.com>                                 Thu, Oct 31, 2013 at 3:47 PM
To: CaliberMods@caliberhomeloans.com, "abelabbad@gmail.com" <abelabbad@gmail.com>,
richnpraiz@aol.com

Attached please find the hardship letter which a copy of was submitted with the Loan
Modification package on October 30, 2013.

--
Abraham A. Labbad, Esq.
Phone: 818-253-1529
Fax:     818-530-9236
The Fax number above is an electronic fax number.
**Do NOT fax any documents or items, unless you also notify me by email, otherwise I will
delete the fax upon receipt without opening the file.**

This message is a confidential communication from a law firm. Interception of this message is
a violation of the Electronic Communications Privacy Act, 18 U.S.C. 510-2521 and 2707-2709.
This message may be protected by the attorney-client privilege and or the attorney
work-product doctrine. If you are not the intended recipient of this message, any disclosure,
copying, distribution or use of the information contained in or attached to this message is
prohibited. If you have received this message in error, please immediately delete the message
and any attachments, and notify me at 8182531529. Thank you.

📎 **01_Richards Hardship Letter 10-30-13.pdf**
    55K

**Exhibit G**



P.O. Box 24610
Oklahoma City, OK 73124

October 30, 2013

MARY RICHARD
WILLIE RICHARD JR
1285 PLEASANTRIDGE DRIVE
ALTADENA        CA  91001

Re: Caliber Account Number: 9800821689

Dear Valued Customer,

This letter is being sent to you regarding your request for a modification on the loan referenced above.  Our records indicate that we are unable to process your request at this time as the document(s) indicated below have not been provided:

> Expenses Statement
> Hardship Letter

Please write your loan number on the document(s) indicated above and send to the following street address, fax number or email address so that we may complete our review.  All documents are required to be dated within 90 days of our receipt.  Once a complete package is received, we will review your documentation, evaluate your eligibility, and make a decision within 30 days.

If you qualify, we will contact you to go over the proposed terms and you will be afforded 14 days to accept or decline the offer.  Please note that any collection efforts already started on your account may still be underway, and it is urgent that you provide the missing documents as soon as possible so that we may assist you.

Caliber Home Loans, Inc.
Attn: Loss Mitigation Modification
13801 Wireless Way
Oklahoma City, OK 73134
Fax Number: 405-608-2011
Email: calibermods@caliberhomeloans.com

Please return requested documents within 30 days.  If we do not receive the requested documents within 30 days the modification request will be denied.  We appreciate your urgent attention to this matter.

If you have any questions, please call me at 800-401-6587 ext. .  I am available between the hours of 8:00 a.m. to 5:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC Department

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge:  If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

3:97                                    20130207rev

**LAW OFFICES OF ABRAHAM A. LABBAD**
Abraham A. Labbad, Esq. (CA Bar No.: 271349)
183 North Hill Ave #203
Pasadena, CA 91106
Office: (818) 253-1529
Fax: (818) 530-9236
Attorneys for Plaintiffs
MARY R. RICHARD and
WILLIE RICHARD, JR.,

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (UNLIMITED CIVIL)

CENTRAL DISTRICT COURTHOUSE (STANLEY MOSK)

BC526728

| | |
|---|---|
| MARY RICHARD and WILLIE RICHARD, , | Case No.: |
| | ) |
| Plaintiffs, | ) **DECLARATION OF TELEPHONIC** |
| | ) **NOTICE RE:** *EX PARTE* **APPLICATION** |
| | ) **FOR A TEMPORARY RESTRAINING** |
| vs. | ) **ORDER AND AN ORDER TO SHOW** |
| | ) **CAUSE RE: PRELIMINARY** |
| | ) **INJUNCTION** |
| CALIBER HOME LOANS, INC., a | ) |
| Corporation; SUMMIT MANAGEMENT | ) Complaint Filed: Nov 06, 2013 |
| COMPANY, LLC, a Limited Liability | ) Hearing:   TBD |
| Company; and Does 1 to 10, Inclusive, | ) Dept.: 85 or 86 |
| | ) Trial Date: Not Set |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

1.     I, Abraham Labbad, declare under penalty of perjury that the following is true and accurate to the best of my recollection:

2.     I am a counsel in this action and can and will testify to the facts hereunder.

**NOTICE TO CALIBER HOME LOANS, INC.**

3.     On November 05, 2013, at 9:40 am, I provided telephonic notice to the following employee of CALIBER HOME LOANS, INC.'s Agent for Service of Process at CT Corporation (located at 818 W. 7th St. # 200, Los Angeles, CA 90017 at (213) 627-8252):

<div align="center">

1

**DECLARATION OF TELEPHONIC NOTICE**

</div>

When the answering system picked up my call I heard multiple announcement that they were experiencing high volume of calls and no one was available to take my call however someone would be with me as soon as possible. After the third such announcement I was transferred to the Service of Process Dept. message center where I was instructed to leave a message. I left a detailed message including that:

I provided the following information on the answering service during the call to CHASE's Agent for Service of Process at CT Corporation. Specifically, I explained to them that our office would be filing an *ex parte* application on behalf of plaintiffs on November 06, 2013 at the Stanley Mosk Courthouse located at 111 N. Hill St., Los Angeles, CA 90012, and that we would be going into the ex parte hearing that same morning in Dept. 85 or 86 or any other department directed by the courts clerk. I said that we would be seeking a temporary restraining order to stop trustee's sales on the following properties on **November 08, 2013** at either 11 am of the subject property commonly known as:

**1285 Pleasantridge Dr., Altadena, CA 91001-1515** (the "subject property")

and for an order requiring Defendants to show cause why a preliminary injunction should not be issued pending trial in this action, thereby enjoining defendants and their employees, agents, and all persons acting with them or on their behalf, from doing so.

I provided the trustee's sale on the loan as indicated above.

I explained that we would be seeking said TRO on the grounds that defendants violated the California Homeowner Bill of Rights provision against "dual tracking" by attempting to foreclose on the subject property during loan modification negotiations.

There was no response from either. I do not expect opposition.

## NOTICE TO SUMMIT MANAGEMENT COMPANY, LLC

On November 05, 2013, at 953 am, I provided telephonic notice to the following employee of at 858-649-5762 "Cindy" in the Legal Dept.

I provided the same information as above during a live call as described above.

There was no response from her. I do not expect opposition.

///

///

**2**
<u>DECLARATION OF TELEPHONIC NOTICE</u>

Executed on November 05, 2013 at Pasadena, California.

Abraham Labbad

**DECLARATION OF TELEPHONIC NOTICE**

CO

**LAW OFFICES OF ABRAHAM A. LABBAD**
Abraham A. Labbad, Esq. (CA Bar No.: 271349)
1885 North Hill Ave. #203
Pasadena, CA 91106
Office: (818) 253-1529
Fax: (818) 530-9236
Attorneys for Plaintiffs
MARY R. RICHARD and WILLIE RICHARD, JR.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (UNLIMITED CIVIL)

CENTRAL DISTRICT COURTHOUSE (STANLEY MOSK)

BC526728

| | |
|---|---|
| MARY RICHARD and<br>WILLIE RICHARD, | Case No.:<br>)<br>) |
| Plaintiffs, | ) ***EX PARTE* APPLICATION FOR**<br>) **TEMPORARY RESTRAINING ORDER** |
| vs. | ) **AND AN ORDER TO SHOW CAUSE RE:**<br>) **PRELIMINARY INJUNCTION;**<br>) **MEMORANDUM OF POINTS AND** |
| CALIBER HOME LOANS, INC., a<br>Corporation; SUMMIT MANAGEMENT<br>COMPANY, LLC, a Limited Liability<br>Company; and Does 1 to 10, Inclusive, | ) **AUTHORITIES IN SUPPORT THEREOF;**<br>) **DECLARATIONS OF ABRAHAM A.**<br>) **LABBAD, MARY R. RICHARD AND**<br>) **WILLIE RICHARD, JR.**<br>) |
| Defendants. | ) Complaint Filed: November 6, 2013<br>) Hearing: November 6, 2013 at 8:30 am<br>) Dept.: 85 or 86<br>) Trial Date: Not Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 6, 2013, Plaintiffs MARY R. RICHARD and WILLIE RICHARD, JR. (hereinafter "Plaintiffs") will apply for a temporary restraining order to restrain Defendants CALIBER HOME LOANS, INC., a Corporation, and SUMMIT MANAGEMENT COMPANY, LLC (collectively, "Defendants") from conducting a trustee's sale of the subject property commonly known as **1285 Pleasantridge Dr., Altadena, CA 91001-**

1

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.

1515 (the "subject property") on **November 8, 2013 at 11:00 am**, and (b) for an order requiring Defendants to show cause why a preliminary injunction should not be issued pending trial in this action, thereby enjoining defendants and their employees, agents, and all persons acting with them or on their behalf, from further selling, attempting to auction, sell, causing to be sold, transferring ownership and/or further encumbering the subject property.

This application is made pursuant to the Cal. Code of Civil Procedure §527, on the grounds that defendants violated the California Homeowner Bill of Rights **Cal. Civ. Code §§ 2920.5, et seq.** ("HBOR"), and that plaintiffs will suffer immediate and irreparable harm if defendants are not so enjoined.

This application is based upon the memorandum of points and authorities, plaintiffs' and their counsel's declaration, and the Verified Complaint filed concurrently herewith in this matter, as well as argument at the present hearing.

Dated: November 5, 2013

Respectfully submitted,

**LAW OFFICES OF ABRAHAM A. LABBAD**

By

Abraham A. Labbad, Esq.
Attorney for Plaintiffs
MARY R. RICHARD and
WILLIE RICHARD, JR.

///

***EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.**

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. FACTUAL ALLEGATIONS

Plaintiffs MARY R. RICHARD ("MARY") and WILLIE RICHARD, JR. ("WILLIE") (hereinafter "Plaintiffs") (husband and wife) now, and at all times relevant to this complaint, are individuals residing in the County of Los Angeles, and the current owners and residents of real property commonly known as **1285 Pleasantridge Dr., Altadena, CA 91001-1515** (the "subject properties"), which is and has been their primary residence for almost *21 years*.

Plaintiffs are informed and believe, and based upon such information and belief, thereon allege, that at all times hereinafter mentioned, defendant CALIBER HOME LOANS, INC. is and was a Corporation doing business in the County of Los Angeles ("CALIBER").   It is the parent company/successor in interest to VERICREST FINANCIAL, INC. ("VERICREST") and CALIBER HOME LOANS, INC. (collectively, "CALIBER"). CALIBER is the foreclosing lender/servicer on the subject loan/property (Fax Numbers: 1-405-608-2011 & 1-877-533-1043, Phone: 1-800-401-6587, email: CustomerService@CaliberHomeLoans.com).

Plaintiffs are informed and believe, and based upon such information and belief, thereon allege, that at all times hereinafter mentioned, Defendant SUMMIT MANAGEMENT COMPANY, LLC ("SUMMIT"), a Limited Liability Company, doing business in the County of Los Angeles.  SUMMIT is the foreclosing trustee on the subject loan/property (Phone # 866-248-2679).  Upon information and belief, SUMMIT is a wholly owned subsidiary of CALIBER. See        http://www.corporationwiki.com/Texas/Dallas/summit-management-company-llc/47482700.aspx (showing that SUMMIT is apparently a subsidiary of CALIBER HOME LOANS, INC.).

The real property which is the subject of this action (the "subject property") is an owner-occupied/primary/single-family residence home located at **1285 Pleasantridge Dr., Altadena, CA 91001-1515.**

On or about 01/08/1992, WILLIE and MARY purchased the subject property.  [***For the sake of brevity, all exhibits referred to herein are attached to the Verified Complaint filed concurrently herewith, and are identically "lettered"***.]

3

On or about 07/31/2007, plaintiffs refinanced the subject property with a $570,000, 30-year, ARM loan (IR: 7.62%) from ACCREDITED HOME LENDERS, INC. ("ACCREDITED"). **Exhibit A** (www.FidelityPassport.com property profile for subject property) (VERICREST **account/loan no. 9800821689**; instrument no. 07-1804605). [*Please note that information on all of the following recorded documents can be found in* **Exhibit A**.]

On 12/04/2012, VERICREST/CALIBER and SUMMIT recorded a Notice of Default ("NOD") against the subject property. **Exhibit A** (Instrument # 12-1851344; **trustee's sale # CA-12-2465-CS**).

On 03/06/2013, VERICREST/CALIBER and SUMMIT recorded a Notice of Trustee's Sale against the subject property ("NOTS"), with an initial sale date/time/minimum bid/location of **04/02/2013**, 11:00 A.M., $592,970, and 400 Civic Center Plaza, Pomona, CA, respectively. **Exhibit A** (Instrument # 13-0340371).

Since then, the **trustee's sale has been postponed *nine* times** (see below).

On June 10, 2013, "Vericrest Financial, Inc., a premier financial services company specializing in the servicing of residential mortgage loans, today announced that it has changed its corporate name to Caliber Home Loans, Inc., effective immediately." **Exhibit B** (press release -- found at http://www.prnewswire.com/news-releases/vericrest-financial-changes-name-to-caliber-home-loans-210813601.html).

In October 2013, plaintiffs' retained plaintiffs' counsel, Abraham A. Labbad, Esq., to help them obtain a loan modification on the subject loan from CALIBER.

On or just prior to 10-30-13, Mr. Labbad went on the website https://www.lpsasap.com and saw that a trustee's sale on plaintiffs' home was scheduled for **November 8, 2013**. As of November 5th, this website still shows this scheduled sale. **Exhibit C.**

On 10-30-13, Mr. Labbad attempted multiple times to fax CALIBER a **complete** loan modification application package (i.e., all the documents required by CALIBER according to CALIBER's website at https://www.caliberhomeloans.com, **including an executed Hardship**

*EX PARTE* **APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.**

Letter and Expense Statement [i.e., Request for Modification Affidavit ("RMA")) to fax # 405-608-2011 (i.e., the fax # listed on its website for submission of loan modification application packages). However, for some inexplicable reason, CALIBER's fax machine repeatedly rejected the package. **Exhibit D** (fax cover sheet showing attachments, including hardship letter, that comprise complete package [attempted fax at 8:41 pm, and rejected fax transmittal sheet at 8:52 pm]). **The Fax cover sheet included a request to stop the November 8th trustee's sale.**

As a result, Mr. Labbad thereafter e-mailed the same **complete** loan modification application package (**including an executed Hardship Letter and Expense Statement [i.e., Request for Modification Affidavit ("RMA"))** to CALIBER at CaliberMods@caliberhomeloans.com (i.e., the e-mail address identified on its website for submission of loan modification application packages). **Exhibit E** (email showing attachments of said documents). Fortunately, the submission was not rejected by CALIBER's server.

On the early morning of 10-31-2013, Mr. Labbad called **CALIBER** at 1-800-401-6587 and spoke to "**Madonia**" (id # 24324), who identified herself as a representative in the customer service dept. She asked him to fax in an executed 3rd party authorization form ("TPA") to fax number 405-608-2008, which he immediately did at approximately 9 am. **Exhibit F** (Fax transmittal & fax cover sheets & TPA).

He was then transferred to "**Courtney**" (ID # 24443), who identified herself as a representative in **CALIBER**'s loss mitigation department ("LMD"). He asked her whether CALIBER had received plaintiffs' application (submitted via e-mail the previous day, Oct. 30th) in their system and, most importantly, who at their company had the authority to postpone or cancel the **sale date scheduled for 11-08-13**. Courtney confirmed that they had received the package. Courtney then said that according to CALIBER's internal system notes, no sale date was scheduled and that therefore no one at CALIBER could postpone it. However, she did confirm that there was an "active" trustee's sale # of **CA-12-2465-CS**. Finally, she told him to

5

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.

call CALIBER's "law firm" (i.e., foreclosure trustee), SUMMIT, at phone # 858-649-5762, regarding any sale dates or postponements.

He then immediately called **SUMMIT** and spoke to "**Shavanta**" (Id # 24322) in the foreclosure dept., who <u>confirmed that there was indeed a sale date of November 8th</u> scheduled on the subject property.  However, she told him to contact "LASAP" (i.e., LPS AGENCY SALES AND POSTINGS) at (714) 730-2727 about any postponement because "they handle all our sales".

He immediately called LASAP and spoke to "**Leticia**" in the foreclosure sales postings dept., who confirmed said sale but told him that only SUMMIT could stop the sale.

He immediately called back SUMMIT and again spoke to Shavanta, who suggested he speak to the person she identified as plaintiffs' "Single point of contact" ("SPOC"), "**Erica Morales**", about stopping the sale.

He asked to be transferred to Ms. Morales; however, he was instead transferred to "**Keisha**" (ID # 24152), who identified herself as another representative in the LMD.  He explained to Keisha about the issue regarding the conflicting information about the November 8th sale date (i.e., that according to CALIBER, no sale was pending, but according to SUMMIT and LSAP, the sale date was in fact scheduled).  Keisha, <u>who identified *herself* as plaintiffs' SPOC</u>, said that "a request to postpone the [November 8th sale] was submitted [by CALIBER] on October 24th, and it's their [SUMMIT's] obligation to update their system."

On 11-01-13, Mr. Labbad called CALIBER and spoke to "**Mary**" (ID # 24168), who <u>confirmed the November 8th sale date</u> but told him that the sale would not be postponed because plaintiffs had failed to submit a package "in time prior to the sale date", which, according to her, was <u>15 days prior to any scheduled sale</u>.

After taking the account info (including account number, address and last four digits of Willie's S.S. number), she said that "our system shows that they need expense documents [i.e., the RMA] and a new hardship letter that is signed".  When he explained that these documents

<div align="center">6</div>

had been submitted on October 30th via e-mail (along with the rest of the package), she replied that "our system hasn't updated that those specific documents [i.e., the hardship letter and RMA] have been received." She suggested that he wait until those specific documents "are in the system" and to call back on November 5th. However, she told him, "I can't promise him." Apparently, **Mary was yet another "Single" POC on plaintiffs' file**.

On 11-05-13, Mr. Labbad called CALIBER and spoke to **"Moses"** (ID # 24321), who **confirmed the sale date on Nov. 8th**. Also, Mr. Labbad was told that "there is no postponement in our system" and "the sale is still on for the 8th of November". Also, he confirmed that a "**complete package must be submitted 15 days before the sale date for any postponement**".

That same day, November 5th, plaintiffs received a letter from CALIBER dated October 30th informing them that "This letter is being sent to you regarding your request for a modification on [your] loan.... [W]e are unable to process your request at this time as the document(s) below have not been provided: Expenses Statement [and] Hardship Letter. Please [send] the document(s) indicated above and send to [us] ... so that we may complete our review. [...] Once a complete package is received, we will review your documentation, evaluate your eligibility, and make a decision within 30 days. If you qualify, we will contact you ... and you will be afforded 14 days to accept or decline the offer. [...] Please return requested documents within 30 days. If we do not receive the requested documents within 30 days, the modification request will be denied. [...] Sincerely, SPOC Department." **Exhibit G**. No name of an SPOC is identified therein.

*__As of November 5, 2013, according to the website for LPS Agency Sales and Postings (http://www.lpsasap.com/ts.aspx), the trustee's sale is still scheduled for November 8, 2013__*. **Exhibit C**.

On November 5th at 4:26 pm, Mr. Labbad called SUMMIT and spoke to "Justin" who confirmed the November 8th sale but said "We did receive a call today from someone [his notes

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.

did not indicate from whom] that the sale **may** be postponed." Finally, Justin confirmed that the **trustee's sale has been postponed nine times, and that no other NOTS other than the 03/06/2013 has been recorded or sent to plaintiffs**.

Immediately thereafter, Mr. Labbad called LASAP's automated sales line at (714) 730-2727, which confirmed said sale date, as well as the opening bid of $643,203.

***To date, plaintiffs have not received a denial letter of any kind from CALIBER or SUMMIT or any related entity***.

## II. LEGAL STANDARD

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); *see also Reno Air Racing Ass'n. Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); *Dunn v. Cate*, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Whether preliminary injunctive relief is governed by a multi-factor test: 1) whether there is a likelihood of success on the merits; 2) whether there is a likelihood of irreparable harm to plaintiff in the absence of such relief; 3) whether the balance of equities lies in plaintiff's favor; and 4) whether injunctive relief is in the public interest. *Winter v. NRDC*, 129 S. Ct. 365, 374 (2008). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).

However, in the Ninth Circuit, these factors are balanced against each other on a sliding scale, such that, for example, the greater the showing on balance of the equities the lesser must be the showing of likelihood of success. The Ninth Circuit had traditionally applied the sliding-scale test such that preliminary relief could be entered where either: a plaintiff demonstrates a likelihood of success on the merits and the possibility of irreparable injury. Id.

///

### III. HBOR ANALYSIS

Defendant and other lenders' practice of negotiating with homeowners in default on their loans for a loan modification while simultaneously advancing the foreclose process is commonly referred to as "dual tracking." Dual tracking has been heavily criticized by both state and federal legislators. In July 2012, California passed legislation referred to as "The California Homeowner Bill of Rights" ("HOBR") which prohibits dual tracking.  As of January 1, 2013, "The California Homeowner Bill of Rights went into effect and it offers homeowners greater protection during the foreclosure process. Cal. *Civ. Code* § 2923.6(b) (2013). Section 2923.6(b) states "it is the intent of the legislature that the mortgage servicer offer the borrower a loan modification or work out a plan if such a modification or plan is consistent with its contractual or other authority." The statute further provides that "if a borrower submits a complete application for a first lien loan modification . . . the mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. *Civ. Code* § 2923.6(c) (2013).

Here, CALIBER and SUMMIT have violated the following provisions of HBOR:

**Violation #1**:   Under Cal. Civ. Code § 2924.11 (a) and § 2923.6(c), "If a borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested foreclosure prevention alternative." Here, defendants did not review plaintiffs' October 30th application package, much less sent a written denial that complies with HBOR.

Under Cal. Civ. Code § 2924.11 (f), "For purposes of this section, an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Here, plaintiffs through their counsel have provided every document requested within a reasonable period.

**Violation #2**:   Under Cal. Civ. Code § 2924.10, "(a) When a borrower submits a complete first lien modification application or any document in connection with a first lien

modification application, the mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt. In its initial acknowledgment of receipt of the loan modification application, the mortgage servicer shall include the following information:  (1) A description of the loan modification process, including an estimate of when a decision on the loan modification will be made after a complete application has been submitted by the borrower and the length of time the borrower will have to consider an offer of a loan modification or other foreclosure prevention alternative; (2) Any deadlines, including deadlines to submit missing documentation, that would affect the processing of a first lien loan modification application; (3) Any expiration dates for submitted documents; (4) Any deficiency in the borrower's first lien loan modification application." Here, at no time, much less within five days, did CALIBER provide said acknowledgment to plaintiffs or their counsel following the October 30th e-mailed complete package.

**Violation #3**:  Under Cal. Civ. Code § 2923.7, HBOR requires lenders to a designate a "single point of contact" for borrowers to request foreclosure alternatives and provide the borrower one or more direct means of communicating with that point of contact. Like the dual-tracking provision, the single-point-of-contact provision "is intended to prevent borrowers from being given the run around, being told one thing by one bank employee while something entirely different is being pursued by another." Jolley v. CHASE Home Finance, LLC, 213 Cal. App. 4th 872, 904-905 (2013).  Here, CALIBER gave plaintiffs' counsel the proverbial runaround by forcing him to communicate with at least three (3) supposedly "single" POC's. Indeed, the fact that an entire department is designated as plaintiffs' SPOC defeats the entire purpose of this specific HBOR provision.

**Violation #4**:  Under Cal. Civ. Code § 2924g, HBOR requires that whenever a trustee's sale is postponed for a period of at least 10 business days, a mortgagee, beneficiary, or authorized agent shall provide written notice to the borrower within five business days of the postponement. Here, no such notice was ever provided to plaintiffs

As a result of the foregoing, HBOR also creates a private right of action for borrowers to seek injunctive relief.  Specifically, if a trustee's sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin the mortgage servicer from proceeding with foreclosure until the mortgage servicer corrects a material violation of the law. Cal. *Civ. Code* § 2924.12. Finally, under **HBOR Cal. *Civ. Code* § 2924.12(i), "A court may award a prevailing**

10

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.

borrower reasonable attorney's fees and costs in an action brought pursuant to this section. **A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained *injunctive relief* or was awarded damages pursuant to this section.**" Here, in the event plaintiffs are granted the requested preliminary injunction, they respectfully request that they be granted their attorney's fees and costs to date.

### IV. BASED ON THE *LAPPER* AND *SINGH* RULINGS/OPINIONS, PLAINTIFFS ARE LIKELY TO PREVAIL ON THE MERITS OF THEIR VERIFIED COMPLAINT BECAUSE THE EVIDENCE SHOWS THAT DEFENDANTS CALIBER AND SUMMIT COMMITTED MULTIPLE VIOLATIONS OF HBOR

A. *Lapper v. SunTrust Mortg., N.A.*, 2013 U.S. Dist. LEXIS 86540 (C.D. Cal., June 7, 2013)

In *Lapper*, "Plaintiff Julie Lapper applied to the Court *ex parte* for a temporary restraining order enjoining the June 10, 2013 foreclosure sale of her home. (ECF No. 5.) For the reasons that follow, the Court GRANTS Lapper's application." *Id.* at *1.

"Lapper [] began negotiating [*2] with SunTrust in early 2010 to secure a loan modification; these negotiations apparently continued until just recently. (Compl. ¶ 4.) During these negotiations, SunTrust repeatedly **"demanded the same income and expense information," which Lapper submitted "time and time again."** (Compl. ¶ 5.) **Despite Lapper's diligent compliance and consistent efforts to follow up on her application, SunTrust invariably denied receipt of her financial information**. (Id.) And to make things more difficult, Lapper was allegedly never provided a single point of contact…. Finally, on June 3, 2013, Lapper was informed that "she was ineligible for a loan modification because the 'investor' was not a [HAMP] participating entity." (Compl. ¶ 10.) A foreclosure sale [was] set for Monday, June 10, 2013." *Id.* at *1-2 (emphasis added).

"Lapper contends she has fallen victim to "dual tracking"—a relatively common process by which the lender negotiates a loan modification with a borrower in default while simultaneously pressing forward with the foreclosure process. The result of this tactic "is that the borrower does not know where he or she stands, and by the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find options to avoid it." Jolley v. Chase Home Finance, LLC, 213 Cal. App. 4th 872, 904, 153 Cal. Rptr. 3d 546 (2013).

"To combat this maneuver, and to [*5] encourage mortgage servicers to offer loan modifications, the California legislature passed "The California Homeowner Bill of Rights." See Cal. Civ. Code § 2923.6(b). The Homeowner Bill of Rights became effective on January 1, 2013.

11

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.

As is relevant here, the Homeowner Bill of Rights explicitly prohibits dual tracking: "If a borrower submits a complete application for a first lien loan modification . . . [the] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien modification is pending." Id. § 2923.6(c) (emphasis added). Then, once the borrower submits the modification application, a foreclosure sale cannot occur until (1) the "mortgage servicer makes a written determination that the borrower is not eligible" for the modification and the 30-day appeal period expires; or (2) the borrower does not accept an offered modification within 14 days; or (3) the borrower accepts a modification but later defaults under the modified terms. Id. § 2923.6(c)-(d).

"The Homeowners Bill of Rights also requires lenders to a designate a "single point of contact" for borrowers [*6] to request foreclosure alternatives and provide the borrower one or more direct means of communicating with that point of contact. Id. § 2923.7. Like the dual-tracking provision, the single-point-of-contact provision "is intended to prevent borrowers from being given the run around, being told one thing by one bank employee while something entirely different is being pursued by another." Jolley, 213 Cal. App. 4th at 904-905. Id. at *4-6.

"Lapper has also established the remaining TRO factors. She has demonstrated that she will suffer irreparable [*8] harm insofar as she will lose her home, which "like all real property, is unique and special to Plaintiff such that money damages and legal remedies are and will be insufficient to compensate" her. (Compl. ¶ 14.) Further, the balance of equities tips in Lapper's favor, as a TRO merely delays Defendants' right to foreclosure. Finally, a TRO at this stage is in the public interest insofar as it vindicates a recently enacted California statute designed to protect borrowers in Lapper's very position." Id. at *7-8 (emphasis added).

Here, the facts are similar: (1) since October 30, 2013, plaintiffs have been attempting to secure a loan modification; these negotiations are continuing as indicated by CALIBER's October 30th letter requesting more documents; (2) during these negotiations, CALIBER repeatedly **demanded the same income & expense information and hardship letter, which plaintiffs submitted previously submitted**; (3) **despite plaintiffs' diligent compliance and consistent efforts to follow up on their application, CALIBER refuses to postpone said sale based on the pretense that their package must be submitted 15 days prior to said sale**; (4) they were not provided a single point of contact.

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.

**B.** ***Singh v. Bank of America, et al.*, Singh v. Bank of Am., N.A., No. 2:13-cv-00729-MCE-AC, 2013 U.S. Dist. LEXIS 63127 (E.D. Cal. decided, May 2, 2013)**

In a recent similar case in the Eastern District of California, *Singh v. Bank of America, et al.*, case No. 2:13-CV-00729-MCE-AC (E.D. Cal. 2013), defendant bank attempted to foreclose on plaintiff's home while he was in negotiations for a loan modification. There, the judge issued both the TRO and preliminary injunction orders (the latter on May 1, 2013). *Singh* was the first instance in which a federal judge in California judge issued a preliminary injunction to halt a foreclosure auction under the Homeowner Bill of Rights.

The *Singh* orders highlight the following facts, which are similar (if not identical) to the present matter. Specifically, since January 1, 2013, the date HOBR was enacted, and up until just before the trustee's sale date was originally scheduled for April 22, 2013 and rescheduled for May 20, 2013 as a result of the TRO, the court found the following HOBR violations:

Singh's loan modification negotiations began prior to 2013, during which he provided defendant detailed information about his financial situation in exchange for the possibility of a lower monthly payment and interest rate. However, defendant bank had not yet made a determination whether he qualified for a loan modification as it proceeded to sale. Here, CALIBER has yet to make a determination as to plaintiffs' October 30th application.

As the court held, "**Because BofA has failed to respond to Plaintiff's application for a first lien loan modification after January 1, 2013, section 2923.6 applies to this case and prevents BofA from conducting a trustee's sale while Plaintiff's application for a first lien loan modification is pending. Accordingly, Plaintiff has adequately shown he is likely to succeed on the merits in light of California's new Homeowners' Bill of Rights.**"

Here, as in *Singh*, Plaintiffs were **never provided with anything in writing** from CALIBER that it had actually reviewed their application, much less in good faith. Instead, it merely invites them to submit purportedly (but not <u>actually</u>) missing documents at the same time as it proceeds towards foreclosure. This runs categorically afoul of the Homeowners Bill of Rights; defendants are attempting to foreclose during loan modification negotiations (dual tracking), thereby violating Cal. *Civ. Code* section 2923.6(c). Same here; the court found that Singh's declaration that he never received anything from defendant to indicate that he did not qualify satisfied the "clear and convincing" standard required for a preliminary injunction. Plaintiffs' declarations confirm the same; similarly, the court found that Singh's declaration that

he and his family would be rendered homeless satisfied the irreparable harm requirement for an injunction.  Again, Plaintiffs' declarations confirm the same; the court held that the balance of equities tipped in Singh's favor because the orders merely delayed defendant's right to foreclose. Here, the same applies; and, finally, the court held that the injunction was in the public's interest because it enforced a recently enacted law designed to protect the public.  Same here.

The principles of equity apply to foreclosure sales. Equity does not allow one to take advantage of his own wrong nor will it assist in perpetration of fraud on another or the public. *Bowman v Bowman*, 125 Cal.App. 602 (1932). A party cannot take advantage of his own fault or wrong. *Archibald Estate v. Matteson*, 5 Cal. App. 441 (1907) Courts may set aside a foreclosure sale when there has been fraud, when the sale has been improperly, unfairly, or unlawfully conducted, or when there has been such a mistake that it would be inequitable to let stand. *Bank of America Nat. Tmst & Savings Ass'n v. Reidy*, 15 Cal 2d 243, 248(1940); *Whitman v. Transtate Titie Co.*, 165 Cal.App.3d 312, 322-323 (1985).

Under these facts, defendants' actions are clearly violative of the Homeowners' Bill of Rights.  This is because they constitute "dual tracking" by utilizing the deceptive shell game tactic of providing a borrower with multiple points of contact and proceeding with foreclosure without first informing the borrowers/plaintiffs that modification efforts are apparently useless. Thus, under the clear meaning of California law and the facts presented, plaintiffs have demonstrated a clear probability of prevailing on the merits.

## V. <u>PLATINTIFFS ARE ENTITLED TO EQUITABLE RELIEF AND WILL SUFFER IRREPARABLE HARM UNLESS THE INJUNCTION IS GRANTED</u>

In the Federal case of *Demarest v. Quick Loan Funding, Inc.*, "The court may issue an injunction if the moving party establishes either (1) a combination of probable success on the merits and the possibility of irreparable harm or (2) the existence of serious questions going to the merits, a demonstration that there is at least a fair chance the movant will prevail, and a balance of hardships that tips sharply in the movant's favor. "[T]the greater the relative hardship to the moving party, the less probability of success must be shown." *Demarest v. Quick Loan Funding, Inc.*, 2009 West Law 940377 (C.D. Cal. 2009); *Wrobel v. S.L. Pope & Associates*, 2007 WL 2345036 at 1 (S.D. Cal 2007) ("Losing one's home through foreclosure is an irreparable injury."); *Bland v. Carone Family Trust*, 2007 WL 951344, at 2 (S.D. Cal. 2007).

In the present case, the relative hardship to Plaintiffs, i.e., losing their home of **almost 21 years** clearly represents irreparable injury, decreasing the probability that must be shown (though plaintiffs contend they have established their probability of success). As stated above, Defendants have wrongfully and unlawfully instituted a foreclosure against Plaintiffs' home as a result of the multiple and particularly egregious violations of HBOR. By reason of the wrongful and unlawful foreclosure, Plaintiffs will sustain great and irreparable injury because they will permanently lose their home, and it will be impossible for them to obtain adequate relief by way of money damages because of the unique nature of real property and, therefore, are without an adequate remedy at law.

## VI. <u>NO BOND SHOULD BE REQUIRED</u>

Plaintiffs respectfully contend that no bond is required as defendant's interest in the subject property is sufficient protected by the fact that it is the beneficiary to the subject deed of trust and therefore their interest is secured by the subject property. Further, the HBOR mentions of a requirement for a bond.

## VII. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court issue a temporary restraining order to restrain and enjoin defendants from auctioning, selling, causing to be sold, transferring ownership and/or further encumbering the Subject Property to save Plaintiffs from suffering irreparable harm.

Respectfully submitted,

Dated: November 5, 2013     **LAW OFFICES OF ABRAHAM A. LABBAD**

By:_____
Abraham A. Labbad, Esq.
Attorney for Plaintiffs
MARY R. RICHARD and
WILLIE RICHARD, JR.

///

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.

## DECLARATION OF ABRAHAM A. LABBAD

I, Abraham A. Labbad, declare under penalty of perjury that the following is true and accurate to the best of my recollection:

I am Plaintiffs' counsel in this action and can and will testify to the facts hereunder.

On or about 10-30-13, I e-mailed the same **complete** loan modification application package (**including an <u>executed</u> Hardship Letter and Expense Statement [i.e., Request for Modification Affidavit ("RMA")**) to CALIBER at CaliberMods@caliberhomeloans.com (i.e., the e-mail address identified on its website for submission of loan modification application packages). **Exhibit E** (email showing attachments of said documents). Fortunately, the submission was not rejected by CALIBER's server.

On the early morning of 10-31-2013, I called **CALIBER** at 1-800-401-6587 and spoke to "**Madonia**" (id # 24324), who identified herself as a representative in the customer service dept. She asked me to fax in an executed 3rd party authorization form ("TPA") to fax number 405-608-2008, which I immediately did at approximately 9 am. **Exhibit F** (Fax transmittal & fax cover sheets & TPA).

I was then transferred to "**Courtney**" (ID # 24443), who identified herself as a representative in **CALIBER**'s loss mitigation department ("LMD"). I asked her whether CALIBER had received plaintiffs' application (submitted via e-mail the previous day, Oct. 30th) in their system and, most importantly, who at their company had the authority to postpone or cancel the <u>sale date scheduled for 11-08-13</u>. Courtney confirmed that they had received the package. Courtney then said that according to CALIBER's internal system notes, no sale date was scheduled and that therefore no one at CALIBER could postpone it. However, she did confirm that there was an "active" trustee's sale # of <u>CA-12-2465-CS</u>. Finally, she told me to call CALIBER's "law firm" (i.e., foreclosure trustee), SUMMIT, at phone # 858-649-5762, regarding any sale dates or postponements.

I then immediately called **SUMMIT** and spoke to "**Shavanta**" (Id # 24322) in the foreclosure dept., who **confirmed that there was indeed a sale date of November 8th**

<div align="center">16</div>

scheduled on the subject property.  However, she told me to contact "LASAP" (i.e., LPS AGENCY SALES AND POSTINGS) at (714) 730-2727 about any postponement because "they handle all our sales".

I immediately called LASAP and spoke to **"Leticia"** in the foreclosure sales postings dept., who confirmed said sale but told me that only SUMMIT could stop the sale.

I immediately called back SUMMIT and again spoke to Shavanta, who suggested I speak to the person she identified as plaintiffs' "Single point of contact" ("SPOC"), **"Erica Morales"**, about stopping the sale.

I asked to be transferred to Ms. Morales; however, I was instead transferred to **"Keisha"** (ID # 24152), who identified herself as another representative in the LMD.  I explained to Keisha about the issue regarding the conflicting information about the November 8th sale date (i.e., that according to CALIBER, no sale was pending, but according to SUMMIT and LSAP, the sale date was in fact scheduled).  Keisha, **who identified _herself_ as plaintiffs' SPOC**, said that "a request to postpone the [November 8th sale] was submitted [by CALIBER] on October 24th, and it's their [SUMMIT's] obligation to update their system."

On 11-01-13, I called CALIBER and spoke to **"Mary"** (ID # 24168), who **confirmed the November 8th sale date** but told me that the sale would not be postponed because plaintiffs had failed to submit a package "in time prior to the sale date", which, according to her, was **15 days prior to any scheduled sale.**

After taking the account info (including account number, address and last four digits of Willie's S.S. number), she said that "our system shows that they need expense documents [i.e., the RMA] and a new hardship letter that is signed".  When I explained that these documents had been submitted on October 30th via e-mail (along with the rest of the package), she replied that "our system hasn't updated that those specific documents [i.e., the hardship letter and RMA] have been received."  She suggested that I wait until those specific documents "are in the

17

system" and to call back on November 5th.  However, she told me, "I can't promise anything."  Apparently, **Mary was yet another "Single" POC on plaintiffs' file**.

On 11-05-13, I called CALIBER and spoke to "**Moses**" (ID # 24321), who **confirmed the sale date on Nov. 8th**.  Also, I was told that "there is no postponement in our system" and "the sale is still on for the 8th of November".  Also, he confirmed to me that a "**complete package must be submitted 15 days before the sale date for any postponement**".

On November 5th at 4:26 pm, I called SUMMIT and spoke to "Justin" who confirmed the November 8th sale date but said "We did receive a call today from someone [his notes did not indicate from whom] that the sale **may** be postponed."  Finally, Justin confirmed that the **trustee's sale has been postponed nine times, and that no other NOTS other than the 03/06/2013 has been recorded or sent to plaintiffs**.

Immediately thereafter, I called LASAP's automated sales line at (714) 730-2727, which confirmed said sale date, as well as the opening bid of $643,203.

I, Abraham A. Labbad, declare under penalty of perjury that the foregoing is true and accurate to the best of my recollection.

Executed on November 5, 2013 at Pasadena, California.

_____
Abraham A. Labbad

///

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.

## DECLARATIONS OF MARY R. RICHARD AND WILLIE RICHARD, JR.

I, MARY R. RICHARD, declare under penalty of perjury that the following is true and accurate to the best of my recollection:

I, WILLIE RICHARD, JR., declare under penalty of perjury that the following is true and accurate to the best of my recollection:

We are the Plaintiffs in this action and can and will testify truthfully to the facts hereunder. We are husband and wife, and at all times relevant to this complaint, are individuals residing in the County of Los Angeles, and the current owners and residents of real property commonly known as **1285 Pleasantridge Dr., Altadena, CA 91001-1515**. We have not received anything from defendants that we did not qualify for a loan modification following the October 30th e-mailed application package.

On November 5th, we received a letter from CALIBER dated October 30th informing us that "This letter is being sent to you regarding your request for a modification on [your] loan.... [W]e are unable to process your request at this time as the document(s) below have not been provided: Expenses Statement [and] Hardship Letter. Please [send] the document(s) indicated above and send to [us] ... so that we may complete our review. [...] Once a complete package is received, we will review your documentation, evaluate your eligibility, and make a decision within 30 days. If you qualify, we will contact you ... and you will be afforded 14 days to accept or decline the offer. [...] Please return requested documents within 30 days. If we do not receive the requested documents within 30 days, the modification request will be denied. [...] Sincerely, SPOC Department." If our home is foreclosed, we will be rendered homeless as we have

///

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.

nowhere else to live.

I, MARY R. RICHARD, declare under penalty of perjury that the foregoing is true and accurate to the best of my recollection:

Executed on November 5, 2013 at Altadena, California.

*Mary R. Richard*

MARY R. RICHARD

I, WILLIE RICHARD, JR., declare under penalty of perjury that the foregoing is true and accurate to the best of my recollection:

Executed on November 5, 2013 at Altadena, California.

WILLIE RICHARD, JR.

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND O.S.C.

**Exhibit A**



 **Property History**

1285 PLEASANTRIDGE DR, ALTADENA, CA, 91001- 1515

## Foreclosure Record

| | | | |
|---|---|---|---|
| **Recording Date** | 03/06/2013 | **Document #** | 13-0340371 BK-PG - |
| **Document Type** | Notice of Sale (aka Notice of Trustee's Sale) | | |
| **Lender Name** | | | |
| **Auction Location** | 400 CIVIC CENTER PLZ, POMONA | | |
| **Auction Date/Time** | 04/02/2013 11:00 A.M. | | |
| **Min. Bid Amount** | $592,970 | | |

## Foreclosure Record

| | | | |
|---|---|---|---|
| **Recording Date** | 12/04/2012 | **Document #** | 12-1851344 BK-PG - |
| **Document Type** | Notice of Default | | |
| **Beneficiary Name** | VERICREST FINANCIAL INC | | |
| **Trustor Names** | RICHARD JR, WILLIE; RICHARDMARY R | | |
| **Trustee Name** | SUMMIT MANAGEMENT COMPANY LLC | | |
| **Mailing Address** | 16745 W BERNARDO DR# 100, SAN DIEGO, CA 92127- | | |
| **Trustee Phone #** | 866-248-2679 | | |
| **TS#** | CA-12-2465-CS | **Loan Doc #** | 07-1804605 |
| **Loan Date** | 07/31/2007 | **Loan Amount** | $570,000 |
| **Contact Name** | VERICREST FINANCIAL INC | **Attention** | SUMMIT MANAGEMENT COMPANY LLC |
| **Mailing Address** | 16745 W BERNARDO DR# 100, SAN DIEGO, CA 92127- | | |
| **Legal Description :** | | | |

## Foreclosure Record

| | | | |
|---|---|---|---|
| **Recording Date** | 06/10/2009 | **Document #** | 09-0868631 BK-PG - |
| **Document Type** | Notice of Rescission | | |

Fidelity National Title Company Profile Report

**Original Foreclosure**          09-0048802
**Document**

**Offered by Fidelity National Title Company**
All information produced is deemed reliable but is not guaranteed.





## Foreclosure Record

| | | | |
|---|---|---|---|
| Recording Date | 04/20/2009 | Document # | 09-0569488 BK-PG - |
| Document Type | Notice of Sale (aka Notice of Trustee's Sale) | | |
| Lender Name | | | |
| Auction Location | 12720 NORWALK BLVD, NORWALK | | |
| Auction Date/Time | 05/06/2009 10:30 A.M. | | |
| Min. Bid Amount | $599,850 | | |

## Foreclosure Record

| | | | |
|---|---|---|---|
| Recording Date | 01/14/2009 | Document # | 09-0048802 BK-PG - |
| Document Type | Notice of Default | | |
| Beneficiary Name | ACCREDITED HOME LENDERS INC | | |
| Trustor Names | RICHARD JR, WILLIE; RICHARDMARY R | | |
| Trustee Name | NOT GIVEN | | |
| Mailing Address | | | |
| Trustee Phone # | | | |
| TS# | CA-09-01612-CS | Loan Doc # | 07-1804605 |
| Loan Date | 07/31/2007 | Loan Amount | $570,000 |
| Contact Name | ACCREDITED HOME LENDERS INC | Attention | WINDSOR MANAGEMENT CO |
| Mailing Address | 15253 AVENUE OF SCIENCE, SAN DIEGO, CA 92128- | | |
| Legal Description : Lot: 8 | | | |

## Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 07/31/2007 | Document # | 07-1804605 BK-PG - |
| Loan Amount: | $570,000 | Loan Type | Unknown |
| TD Due Date | 08/01/2037 IR:7.62% | Type of Financing | ADJ |

Fidelity National Title Company Profile Report

10/31/13, 11:16 AM

| Lender Name | ACCREDITED HOME LENDERS INC | | |
|---|---|---|---|
| Lender Type | *X | Vesting | Community Property(Marital Community) |
| Borrowers Name | RICHARD JR,WILLIE; RICHARD,MARY R | | |
| Fixed Step | | | |
| Adjustable Rate Index | 6 Month Libor | Change Index | 4.62% |
| Rate Change Frequency | Six months or Semi-annually | First Change Date | 08/01/2012 |
| Int Rate not < | 7.62% | Int Rate not > | 9.12% |
| Maximum Interest Rate | 14.62% | Interest Only Period | |
| Prepayment Penalty Rider | No | Prepayment Penalty Term | |
| Legal Description : Lot: 8  Tract No: 26758 | | | |

**Offered by Fidelity National Title Company**
All information produced is deemed reliable but is not guaranteed.



**Fidelity National Title**
Insurance Company

Fidelity National Title Company Profile Report

10/31/13, 11:16 AM



## Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 04/10/2006 | Document # | 06-0780878 BK-PG - |
| Loan Amount: | $200,000 | Loan Type | Credit Line (Revolving) |
| TD Due Date | | Type of Financing | VAR |
| Lender Name | GB HOME EQUITY LLC | | |
| Lender Type | Mortgage company | Vesting | |
| Borrowers Name | RICHARD,MARY R; RICHARD JR,WILLIE | | |
| Legal Description : Lot: 8  Tract No: 26758 City/Muni/Twp: UNINCORPORATED | | | |

## Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 02/27/2003 | Document # | 03-0573507 BK-PG - |
| Loan Amount: | $300,000 | Loan Type | Unknown |
| TD Due Date | 03/01/2033 | Type of Financing | |
| Lender Name | FIRST MORTGAGE CORP | | |
| Lender Type | Mortgage company | Vesting | Community Property(Marital Community) |
| Borrowers Name | RICHARD JR,WILLIE; RICHARD,MARY R | | |
| Legal Description : Lot: 8  Tract No: 26758 | | | |

## Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 11/05/1998 | Document # | 98-2031868 BK-PG - |
| Loan Amount: | $32,000 | Loan Type | Unknown |
| TD Due Date | | Type of Financing | |
| Lender Name | VONS EMPLOYEES FCU | | |
| Lender Type | Credit Union | Vesting | Joint Tenancy |
| Borrowers Name | RICHARD JR,WILLIE; RICHARD,MARY R | | |
| Legal Description : Lot: 8  Tract No: 26758 | | | |

Offered by Fidelity National Title Company
All information produced is deemed reliable but is not guaranteed.

Fidelity National Title Company Profile Report





## Mortgage Record

| | | | |
|---|---|---|---|
| Recording Date | 02/04/1998 | Document # | 98-0183963 BK-PG - |
| Loan Amount: | $194,000 | Loan Type | Unknown |
| TD Due Date | 02/01/2028 | Type of Financing | |
| Lender Name | GN MTG CO | | |
| Lender Type | Mortgage company | Vesting | |
| Borrowers Name | RICHARD JR,WILLIE; RICHARD,MARY R | | |
| Legal Description : Lot: 8  Tract No: 26758 | | | |

## Prior Transfer

| | | | |
|---|---|---|---|
| Recording Date | 01/08/1992 | Document # | BK-PG - |
| Price | N/A | Document Type | N/A |
| First TD | N/A | Type of Sale | Per Assessor Transaction History |
| Mortgage Doc # | | Interest Rate | |
| Lender Name | N/A | | |
| Buyer Name | RICHARD, WILLIE JR AND MARY R | Seller Name | N/A |
| Buyer Vesting | N/A | | |
| Legal Description : Lot: 8  Tract No: 26758  Abbreviated Description: LOT 8 TR NO 26758 AND POR OF S 1/2 OF NE 1/4 OF SEC 3 T1N R12W City/Muni/Twp: REGION/CLUSTER: 05/05163 | | | |

Offered by Fidelity National Title Company
All information produced is deemed reliable but is not guaranteed.



**Exhibit B**

Vericrest Financial Changes Name to Caliber Home Loans -- IRVING, Tex...     http://www.prnewswire.com/news-releases/vericrest-financial-changes-...



Connect with Us:

Online Member Center
Not a Member?
Click Here to Join    Login

Member Sign In
For Journalists
For Bloggers
Global Sites

Search News Releases

PR Newswire Services     Knowledge Center     Browse News Releases     Contact PR Newswire     Send a News Release

See more news releases in Advertising | Banking & Financial Services | Real Estate | Acquisitions, Mergers and Takeovers

# Vericrest Financial Changes Name to Caliber Home Loans



IRVING, Texas, June 10, 2013 /PRNewswire/ -- Vericrest Financial, Inc., a premier financial services company specializing in the servicing of residential mortgage loans, today announced that it has changed its corporate name to Caliber Home Loans, Inc., effective immediately.

Caliber Funding LLC and Vericrest Financial previously announced, on January 17, 2013, plans to combine organizations to create a full-service, residential mortgage banking organization offering both loan origination and loan servicing solutions. The combined organization will continue to be owned by and have the capital backing of Lone Star Funds.

The new name was selected to be descriptive of the company's consumer-friendly focus and broad range of mortgage banking services.

"Vericrest Financial and Caliber Funding have continued to grow and evolve since the merger was announced and our teams have been hard at work bringing our two companies together," said Joe Anderson, Chairman and CEO of Caliber Home Loans. "Changing Vericrest Financial's corporate name to Caliber Home Loans marks a significant milestone in this process and brings us one step closer to combining these two companies."

The legal close of the merger is expected in the coming months, subject to customary closing conditions.

**About Caliber Home Loans, Inc.**

Caliber Home Loans, Inc. is a premier financial services company specializing in the servicing of residential mortgage loans in all 50 states. Through three Centers of Excellence in Texas, Oklahoma and California, Caliber Home Loans provides superior service and innovative solutions to meet the needs of our customers and investors while maintaining the highest levels of integrity and compliance. Caliber Home Loans is owned by Lone Star Funds, a global private equity fund. To learn more about Caliber Home Loans, visit www.caliberhomeloans.com or call 1-800-401-6587.

SOURCE Vericrest Financial, Inc.

RELATED LINKS
http://www.caliberhomeloans.com



Featured Video



Bob Evans Farms® Announces Hunger Free Communities Campaign

Journalists and Bloggers

Visit PR Newswire for Journalists for releases, photos, ProfNet experts, and customized feeds just for Media.

View and download archived video content distributed by MultiVu on The Digital Center.

Next in Advertising News

**Custom Packages**

Browse our custom packages or build your own to meet your unique communications needs.

Start today.

**PR Newswire Membership**

Fill out a PR Newswire membership form or contact us at (888) 776-0942.

**Learn about PR Newswire services**

Request more information about PR Newswire products and services or call us at (888) 776-0942.

About PR Newswire | Contact PR Newswire | PR Newswire's Terms of Use Apply | Careers | Privacy | Site Map | RSS Feeds | Blog
Copyright © 2013 PR Newswire Association LLC. All Rights Reserved.
A UBM plc company.
Dynamic Site Platform powered by Limelight Networks.

    11/5/2013 7:57 PM

**Exhibit C**

Search Trustee Sales | LPS Agency Sales And Posting

http://www.lpsasap.com/ts.aspx

## LPS Agency Sales And Posting

Banking Mortgage Information Technology

LPS ASAP - One Source, Powerful Solutions

| HOME | COMPANY | SERVICES | CONTACT US | F.A.Q. |

### Terms of Use
By using this service you agree to the terms described below

While LPS - Agency Sales and Posting has attempted to make the information on this server as accurate as possible, the information on this Web server is provided in good faith without any express or implied warranty.

There is no guarantee given as to the accuracy or correctness of any individual item on the server. Persons accessing the server who require confirmation of any information should refer directly with their representative at LPS - Agency Sales and Posting.

LPS - Agency Sales and Posting does not accept responsibility for any loss or damage occasioned by use of the information contained on the server. All access and use is at the risk of the user. LPS - Agency Sales and Posting reserves the right to discontinue providing the information at any time without notice and to impose limitations on access. Individual users are responsible for any charges that their use may incur.

Sales Search

State:
County:
City:
Zip Code
TS #:
ASAP #:
APN:
Property Address:
Sale Date Range:
Start Date
End Date
Search    Clear
Sale history is limited to today
RSS

Your search returned 1 record(s).

-- Summary View
Displaying 200 records per page:

1

| Sale Date | Property Detail | Sale Detail |
|---|---|---|
| Friday 11/5/2013 11:00:00 AM | Address: 1285 PLEASANTRIDGE DRIVE<br>City: ALTADENA<br>State: CA<br>Zip: 91001<br>County: Los Angeles<br>APN: 5843-029-048 | Sale Status: Postponed to 11/08/2013<br>TS Number: CA12246SCS<br>ASAP Number: 4362080<br>Notice of Sale Amt: $502,970.87<br>Opening Bid Amt: $543,203.00<br>Sold Amt: 0<br>Sale Location: By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766<br>Trustee: Summit Trustee Services, LLC<br>Trustee Phone#: 858-790-5152 |

1

Copyright © 2013  Lender Processing Services, Inc., All rights reserved.

Privacy Statement  |  Site Support (3) | v4.0.2.14457

11/5/2013 3:57 PM

**Exhibit D**

Gmail - Unsuccessful fax transmission to 14056082011. Re: Willie Richar...   https://mail.google.com/mail/u/0/?ui=2&ik=f3ec73b2e8&view=pt&q=wil...



**Abe Labbad <abelabbad@gmail.com>**

# Unsuccessful fax transmission to 14056082011. Re: Willie Richard and Mary Richard, Loan #s: 9800821689, Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

**NoReply@myfax.com** <NoReply@myfax.com>
To: abelabbad@gmail.com

Wed, Oct 30, 2013 at 8:52 PM



Dear Abraham Labbad,

Re: Willie Richard and Mary Richard, Loan #s: 9800821689,
Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

The fax you recently sent through MyFax.com to 14056082011
did not go through because transmission was interrupted. Be sure
to check that you have the correct number and that you have
entered it properly. Enter numbers only, no dashes or brackets.

Please verify the fax number before re-transmitting. If after
another attempt you are still having trouble sending your fax,
please contact Customer Service.

Best regards,

myFax.com

### How to Send a Fax Using Email



Send a fax demo

Watch the 1 minute demo

**Contact Customer Support**

| | |
|---|---|
| **Hours:** | 24 hours per day 7 days a week. |
| **Email:** | support@myfax.com |
| **North America:** | |
| **Toll-Free:** | (866) 563-9212 |
| **UK:** | |
| **Free Phone:** | 0808 804 0015 |

Gmail - Unsuccessful fax transmission to 14056082011. Re: Willie Richar...    https://mail.google.com/mail/u/0/?ui=2&ik=f3ec73b2e8&view=pt&q=wil...

**International:**  (613) 260-6325

 

(C) 2012. All rights reserved. MyFax is a registered trademark of j2 Global, Inc. and its affiliates.
Your use of the MyFax service is subject to the terms of the MyFax Customer Agreement



Abe Labbad <abelabbad@gmail.com>

---

## Willie Richard and Mary Richard, Loan #s: 9800821689, Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

---

**A. labbad** <abelabbad@gmail.com>                              Wed, Oct 30, 2013 at 8:41 PM
To: 14056082011@myfax.com, "abelabbad@gmail.com" <abelabbad@gmail.com>,
richnpriaz@aol.com

Willie Richard and Mary Richard,
Loan #s: 9800821689,
Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

# URGENT PLEASE STOP THE TRUSTEE SALE DATE SCHEDULED ON November 08, 2013.

--
Abraham A. Labbad, Esq.
Phone: 818-253-1529
Fax:    818-530-9236
The Fax number above is an electronic fax number.
**Do NOT fax any documents or items, unless you also notify me by email, otherwise I will delete the fax upon receipt without opening the file.**

This message is a confidential communication from a law firm.  Interception of this message is
a violation of the Electronic Communications Privacy Act, 18 U.S.C. 510-2521 and 2707-2709.
This message may be protected by the attorney-client privilege and or the attorney
work-product doctrine. If you are not the intended recipient of this message, any disclosure,
copying, distribution or use of the information contained in or attached to this message is
prohibited. If you have received this message in error, please immediately delete the message
and any attachments, and notify me at 8182531529. Thank you.

**13 attachments**

📄 **0001_Fax Cover Letter Loan Modification_Richard.pdf**
   76K

📄 **001_AFFIDAVIT OF REP_Richard.pdf**
   164K

📄 **01_Richards Hardship Letter 10-30-13.pdf**
   55K

📄 **1_Richards RMA.pdf**
   1169K

Gmail - Willie Richard and Mary Richard, Loan #s: 9800821689, Proper...          https://mail.google.com/mail/u/0/?ui=2&ik=f3ec73b2e8&view=pt&q=wil...

**2_Richards  4506 T FORM.pdf**
364K

**3_Richards Tax_2012.pdf**
2375K

**4_Richards Tax_2011.pdf**
1554K

**5_Richards Income from SS and Retirment.pdf**
286K

**6_Richards Chase Bank Statement 09-25-13.pdf**
376K

**6_Richards Chase Bank Statement 10-24-13.pdf**
339K

**6_Richards PFSU Bank Statement.pdf**
1348K

**6_Richards Vons Bank Statement 9-30-13.pdf**
837K

**6_Richards Vons Bank Statement 10-31-13.pdf**
980K

10/30/2013

**To:** Caliber Home Loans or Vericrest Mortgage
Loan Modification Department

**RE:** Willie Richard and Mary Richard <u>Hardship Letter</u>:
Loan #s: 9800821689
Property: **1285 Pleasantridge Dr. Altadena, CA 91001**

# Loan Modification Cover Letter

Dear Caliber Home Loans or Vericrest Mortgage representative,

Attached is the complete home loan modification application (RMA) including;

(1) 3RD PARTY REPESENTATION Notice
(2) Hardship Letter
(3) Home Loan Modification Application (RMA)
(4) 4506 T form
(5) 2011 and 2012 Tax Returns Signed and Dated
(6) Willie Richard Social Security Income Notice, and Mary Richard Social Security Income Notice
(7) Willie Richard Retirement income notice from Prudential Financial, and Mary Richard Retirement income notice from CalPERS
(8) Two most recent bank statements from Chase Bank, Pasadena, service FCU, and Vons Credit Union.

Thank you

Willie Richard

Mary Richard

# URGENT PLEASE STOP THE TRUSTEE SALE DATE SCHEDUALED ON November 08, 2013.

**Exhibit E**



**Abe Labbad <abelabbad@gmail.com>**

## Willie Richard and Mary Richard, Loan #s: 9800821689, Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

**A. labbad** <abelabbad@gmail.com>                                     Wed, Oct 30, 2013 at 8:41 PM
To: 14056082011@myfax.com, "abelabbad@gmail.com" <abelabbad@gmail.com>,
richnpriaz@aol.com

Willie Richard and Mary Richard,
Loan #s: 9800821689,
Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001

# URGENT PLEASE STOP THE TRUSTEE SALE DATE SCHEDULED ON November 08, 2013.

--
Abraham A. Labbad, Esq.
Phone: 818-253-1529
Fax:    818-530-9236
The Fax number above is an electronic fax number.
**Do NOT fax any documents or items, unless you also notify me by email, otherwise I will delete the fax upon receipt without opening the file.**

This message is a confidential communication from a law firm.  Interception of this message is a violation of the Electronic Communications Privacy Act, 18 U.S.C. 510-2521 and 2707-2709. This message may be protected by the attorney-client privilege and or the attorney work-product doctrine. If you are not the intended recipient of this message, any disclosure, copying, distribution or use of the information contained in or attached to this message is prohibited. If you have received this message in error, please immediately delete the message and any attachments, and notify me at 8182531529. Thank you.

**13 attachments**

📎 **0001_Fax Cover Letter Loan Modification_Richard.pdf**
   76K

📎 **001_AFFIDAVIT OF REP_Richard.pdf**
   164K

📎 **01_Richards Hardship Letter 10-30-13.pdf**
   55K

📎 **1_Richards RMA.pdf**
   1169K

**2_Richards  4506 T FORM.pdf**
364K

**3_Richards Tax_2012.pdf**
2375K

**4_Richards Tax_2011.pdf**
1554K

**5_Richards Income from SS and Retirment.pdf**
286K

**6_Richards Chase Bank Statement 09-25-13.pdf**
376K

**6_Richards Chase Bank Statement 10-24-13.pdf**
339K

**6_Richards PFSU Bank Statement.pdf**
1348K

**6_Richards Vons Bank Statement 9-30-13.pdf**
837K

**6_Richards Vons Bank Statement 10-31-13.pdf**
980K

**Exhibit F**



Abe Labbad <abelabbad@gmail.com>

## Successful transmission to 14056082003. Re: 3rd party notice re: RE: Willie Richard and Mary Richard Hardship Letter: Loan #s: 9800821689 Property: 1285 Pleasantridge Dr. Altadena, CA 91001
1 message

**NoReply@myfax.com** <NoReply@myfax.com>
To: abelabbad@gmail.com

Thu, Oct 31, 2013 at 9:11 AM

**myfax**

Dear Abraham Labbad,

Re: 3rd party notice re: RE: Willie Richard and Mary Richard Hardship
Letter: Loan #s: 9800821689 Property: 1285 Pleasantridge Dr. Altadena,
CA 91001

The 2 page fax you sent through MyFax.com to 14056082003 was
successfully transmitted at 2013-10-31 16:11:22 (GMT).

The length of transmission was 92 seconds

The receiving machine's fax ID:

If you need assistance, please visit our online help center at
http://www.myfax.com/support/. Thank you for using the MyFax service.

myFax.com



Put the **Power** of the **Cloud** to **Work** for Your **Business**

j2).

Gmail - Successful transmission to 14056082003. Re: 3rd party notice re...       https://mail.google.com/mail/u/0/?ui=2&ik=f3ec73b2e8&view=pt&q=wil...



(C) 2012. All rights reserved. MyFax is a registered trademark of j2 Global, Inc. and its affiliates.
Your use of the MyFax service is subject to the terms of the MyFax Customer Agreement

Gmail - Willie Richard and Mary Richard, Loan #s: 9800821689, Proper...    https://mail.google.com/mail/u/0/?ui=2&ik=f3ec73b2e8&view=pt&q=wil...

 **Gmail**

**Abe Labbad <abelabbad@gmail.com>**

## Willie Richard and Mary Richard, Loan #s: 9800821689, Property Address: 1285 Pleasantridge Dr. Altadena, CA 91001
1 message

**A. labbad <abelabbad@gmail.com>**                               Thu, Oct 31, 2013 at 3:47 PM
To: CaliberMods@caliberhomeloans.com, "abelabbad@gmail.com" <abelabbad@gmail.com>,
richnpraiz@aol.com

Attached please find the hardship letter which a copy of was submitted with the Loan
Modification package on October 30, 2013.

--
Abraham A. Labbad, Esq.
Phone: 818-253-1529
Fax:    818-530-9236
The Fax number above is an electronic fax number.
**Do NOT fax any documents or items, unless you also notify me by email, otherwise I will
delete the fax upon receipt without opening the file.**

This message is a confidential communication from a law firm.  Interception of this message is
a violation of the Electronic Communications Privacy Act, 18 U.S.C. 510-2521 and 2707-2709.
This message may be protected by the attorney-client privilege and or the attorney
work-product doctrine. If you are not the intended recipient of this message, any disclosure,
copying, distribution or use of the information contained in or attached to this message is
prohibited. If you have received this message in error, please immediately delete the message
and any attachments, and notify me at 8182531529. Thank you.

📎 **01_Richards Hardship Letter 10-30-13.pdf**
55K

**Exhibit G**

CALIBER
HOME LOANS

P.O. Box 24610
Oklahoma City, OK 73124

October 30, 2013

MARY RICHARD
WILLIE RICHARD JR
1285 PLEASANTRIDGE DRIVE
ALTADENA CA 91001

Re: Caliber Account Number: 9800821689

Dear Valued Customer,

This letter is being sent to you regarding your request for a modification on the loan referenced above. Our records indicate that we are unable to process your request at this time as the document(s) indicated below have not been provided:

Expenses Statement
Hardship Letter

Please write your loan number on the document(s) indicated above and send to the following street address, fax number or email address so that we may complete our review. All documents are required to be dated within 90 days of our receipt. Once a complete package is received, we will review your documentation, evaluate your eligibility, and make a decision within 30 days.

If you qualify, we will contact you to go over the proposed terms and you will be afforded 14 days to accept or decline the offer. Please note that any collection efforts already started on your account may still be underway, and it is urgent that you provide the missing documents as soon as possible so that we may assist you.

Caliber Home Loans, Inc.
**Attn: Loss Mitigation Modification**
13801 Wireless Way
Oklahoma City, OK 73134
Fax Number: 405-608-2011
Email: calibermods@caliberhomeloans.com

Please return requested documents within 30 days. If we do not receive the requested documents within 30 days the modification request will be denied. We appreciate your urgent attention to this matter.

If you have any questions, please call me at 800-401-6587 ext. . I am available between the hours of 8:00 a.m. to 5:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC Department

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge:** If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



**This page is part of your document - DO NOT DISCARD**



## 20131591609



**Pages:
0008**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**11/07/13 AT 11:39AM**

| | | |
|---|---|---|
| FEES: | | 36.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 36.00 |



**L E A D S H E E T**



201311070080008

**00008530102**

005881277

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E526311


11/07/2013
*20131591609*

1  Abraham Antoine Labbad – SBN271349
   Law Offices of Abraham A. Labbad
2  183 N. Hill Ave STE 203
   Pasadena, CA 91106
3  Telephone: (818) 253-1529
   Facsimile: (818) 530-9236
4  Email: abelabbad@gmail.com
5  Attorneys for Plaintiffs
   MARY R. RICHARD and WILLIE RICHARD, JR.
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

10  MARY RICHARD and                 )  Case No.: BC526728
11  WILLIE RICHARD.                   )
                                      )  **NOTICE OF PENDENCY OF ACTION**
12          Plaintiffs,               )  **(LIS PENDENS)**
                                      )  *[Code Civ. Proc. §§ 405.2, 405.4, 405.20]*
13                                    )
            vs.                       )
14                                    )  Complaint Filed: November 06, 2013
                                      )  Trial Date: Not Set
15  CALIBER HOME LOANS, INC., a       )
    Corporation; SUMMIT MANAGEMENT    )
16  COMPANY, LLC, a Limited Liability )
    Company; and Does 1 to 10, Inclusive, )
17                                    )
18          Defendants.              )

19

20          PLEASE TAKE NOTICE THAT the above-captioned action, by Plaintiffs MARY R.

21  RICHARD and WILLIE RICHARD, JR against Defendants CALIBER HOME LOANS, INC. is

22  and was a Corporation doing business in the County of Los Angeles ("CALIBER").   It is the

23  parent company/successor in interest to VERICREST FINANCIAL, INC. ("VERICREST") and

24  CALIBER HOME LOANS, INC. (collectively, "CALIBER"), SUMMIT MANAGEMENT

25  COMPANY, LLC ("SUMMIT"), a Limited Liability Company, doing business in the County of

26  Los Angeles.; and Does 1 to 10, Inclusive, which was filed in the above court on November 06,

27  2013 at the Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, CA 90069, affects

28  possession of real property in that Plaintiffs seek to claim damages for an unlawful foreclosure

                                          1

                      NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

1    and trustee sale from the real property located in Los Angeles County at **1285 Pleasantridge**

2    **Dr., Altadena, CA 91001-1515** (the "subject property"), and legally described as:

3

4        The land referred to herein is situated in the county of Los Angeles, State of California,

5        and is described as follows:

6        Parcel ID Number 5843-029-048 and currently known as the address of **1285**

7        **Pleasantridge Dr., Altadena, CA 91001-1515** in the Office of the County Recorder

8        of said County.

9        APN: 5486-021-007

10   Attached documents include (1) Trustee web site printout, and (2) conformed copy of cover/page

11   1 of State Complaint BC526728.

12

13   As set forth in the Complaint in the above-captioned action, affects possession of real property in

14   that Plaintiffs seek to claim damages for an unlawful foreclosure and trustee sale and obtain

15   damages based on the following causes of action:

16

17      1.  **VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS** [Cal. <u>Civ.</u>
     <u>Code</u> §§ 2920.5, *et seq*];

18

19   **Additionally complaint filed on November 6th shall be amended to include the fallowing**
     **cause of action:**

20      1.  **FRAUDULENT MISREPRESENTATION;**
        2.  **PROMISSORY ESTOPPEL;**

21      3.  **NEGLIGENT MISREPRESENTATION;**
        4.  **PRELIMINARY AND PERMANENT INJUNCTION;**

22      5.  **DECLARATORY RELIEF**

23

24   Dated: November 7, 2013

25

26   By:

27       Abraham A. Labbad, Esq.
         Attorney for Plaintiffs

28       MARY R. RICHARD and
         WILLIE RICHARD, JR.

2

NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

Search Trustee Sales | LPS Agency Sales And Posting

http://www.lpsasap.com/ts.aspx

**LPS Agency Sales And Posting**

Banking Mortgage Information Technology

LPS ASAP - One Source, Powerful Solutions

HOME | COMPANY | SERVICES | CONTACT US | F.A.Q. |

## Terms of Use

By using this service you agree to the terms described below .

While LPS - Agency Sales and Posting has attempted to make the information on this server as accurate as possible, the information on this Web server is provided in good faith without any express or implied warranty.

There is no guarantee given as to the accuracy or correctness of any individual item on the server. Persons accessing the server who require a confirmation of any information should refer directly with their representative at LPS - Agency Sales and Posting.

LPS - Agency Sales and Posting does not accept responsibility for any loss or damage occasioned by use of the information contained on the server. All access and use is at the risk of the user. LPS - Agency Sales and Posting reserves the right to discontinue providing the information at any time without notice and to impose limitations on access. Individual users are responsible for any charges that their use may incur.

Sales Search

State:
County:
City:
Zip Code:
TS #
ASAP #:
APN:
Property Address

Sale Date Range
Start Date:
End Date:

Search    Clear
Sale history is limited to today

RSS

Your search returned 1 record(s).

Summary View

Displaying 200 records per page.

| Sale Date | Property Detail | Sale Detail |
|---|---|---|
| Friday 11/8/2013 11:00:00 AM | Address: 1285 PLEASANTRIDGE DRIVE<br>City: ALTADENA<br>State: CA<br>Zip: 91001<br>County: Los Angeles<br>APN: 5843-029-048 | Sale Status: Postponed to 11/08/2013<br>TS Number: CA12245SCS<br>ASAP Number: 4352080<br>Notice of Sale Amt: $560,970.67<br>Opening Bid Amt: 0<br>Sold Amt: 0<br>Sale Location: By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766<br>Trustee: Summit Trustee Services, LLC<br>Trustee Phone#: 858-790-5182 |

Copyright © 2013  Lender Processing Services, Inc., All rights reserved.

Privacy Statement    Site Support (3) ) v4.0.2.14457

10/31/2013 12:18 PM

**LAW OFFICES OF ABRAHAM A. LABBAD**
Abraham A. Labbad, Esq. (CA Bar No.: 271349)
183 North Hill Ave. #203
Pasadena. CA 91106
Office: (818) 253-1529
Fax: (818) 530-9236
Attorneys for Plaintiffs
MARY R. RICHARD and WILLIE RICHARD. JR.

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 06 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (UNLIMITED CIVIL)

CENTRAL DISTRICT COURTHOUSE (STANLEY MOSK)

| | |
|---|---|
| MARY RICHARD and WILLIE RICHARD. | Case No.:  B C 5 2 6 7 2 8 |
| Plaintiffs, | **VERIFIED COMPLAINT FOR:** |
| vs. | **VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS** [Cal. Civ. Code §§ 2920.5, *et seq*] |
| CALIBER HOME LOANS, INC.. a Corporation; SUMMIT MANAGEMENT COMPANY. LLC, a Limited Liability Company; and Does 1 to 10, Inclusive, | (DEMAND FOR JURY TRIAL) |
| Defendants. | |

Come now Plaintiffs, and demanding trial by jury, complain and allege as follows:

**PARTIES**

1.   Plaintiffs MARY R. RICHARD (''MARY'') and WILLIE RICHARD. JR. (''WILLIE'') (hereinafter "Plaintiffs") (husband and wife) now, and at all times relevant to this complaint, are individuals residing in the County of Los Angeles, and the current owners and residents of real property commonly known as **1285 Pleasantridge Dr., Altadena, CA 91001-**

---

1

**VERIFIED COMPLAINT**

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )          Case Number: BC526728
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the above-named action. My business mailing address is: 1264 Sonoma Drive Altadena, 91001.

On November 07, 2013, I caused the following documents to be served:

## NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

on the interested parties in this action by placing a true copy of the document(s) listed above, enclosed in sealed envelope(s) with postage fully prepaid addressed as follows:

[ X ]   **By Certified Mail, Return Receipt Requested:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing, under which it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California. I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after deposit of mailing affidavit.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 07, 2013, at Los Angeles, California.

Joseph Boyadjian

3

**ACKNOWLEDGMENT [Gov. Code § 27287]**

STATE OF_____)

                       ) ss:

COUNTY OF _____)

On _____, before me, _____, a Notary Public in and for said state personally appeared _____ _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his signature on the instrument the person(s) or entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

*see attached certificate*

Signature of NOTARY PUBLIC

                                                  NOTARY SEAL

4

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of *Los Angeles* }

On *Nov. 7, 2013* before me, Denetia Arellanes, Notary Public
<span style="font-size:smaller">Date</span> <span style="font-size:smaller">Here Insert Name and Title of the Officer</span>

personally appeared *Abraham A. Labbad*
<span style="font-size:smaller">Name(s) of Signer(s)</span>

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
<span style="font-size:smaller">Signature of Notary Public</span>

```
DENETIA ARELLANES
Commission # 1985318
Notary Public - California
Los Angeles County
My Comm. Expires Aug 15, 2016
```

Place Notary Seal Above

---

**OPTIONAL**

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: *Notice of Pendency of Action (Lis Pendens)*

Document Date: *Nov. 7, 2013* Number of Pages: *5 Herewith*

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

NOV 07 2013

*Dean C. Logan* REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

COPY

*20131591609*

Has not been compared with original.
Original will be returned when
processing has been completed.
LOS ANGELES COUNTY REGISTRAR-RECORDER

Abraham Antoine Labbad – SBN271349
Law Offices of Abraham A. Labbad
183 N. Hill Ave STE 203
Pasadena, CA 91106
Telephone: (818) 253-1529
Facsimile: (818) 530-9236
Email: abelabbad@gmail.com
Attorneys for Plaintiffs
MARY R. RICHARD and WILLIE RICHARD, JR.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – UNLIMITED JURISDICTION

| | |
|---|---|
| MARY RICHARD and WILLIE RICHARD, <br><br> Plaintiffs, <br><br> vs. <br><br> CALIBER HOME LOANS, INC., a Corporation; SUMMIT MANAGEMENT COMPANY, LLC, a Limited Liability Company; and Does 1 to 10, Inclusive, <br><br> Defendants. | Case No.: BC526728 <br><br> **NOTICE OF PENDENCY OF ACTION (LIS PENDENS)** <br> *[Code Civ. Proc.* §§ 405.2, 405.4, 405.20] <br><br> Complaint Filed: November 06, 2013 <br> Trial Date: Not Set |

PLEASE TAKE NOTICE THAT the above-captioned action, by Plaintiffs MARY R. RICHARD and WILLIE RICHARD, JR against Defendants CALIBER HOME LOANS, INC. is and was a Corporation doing business in the County of Los Angeles ("CALIBER").   It is the parent company/successor in interest to VERICREST FINANCIAL, INC. ("VERICREST") and CALIBER HOME LOANS, INC. (collectively, "CALIBER"), SUMMIT MANAGEMENT COMPANY, LLC ("SUMMIT"), a Limited Liability Company, doing business in the County of Los Angeles.; and Does 1 to 10, Inclusive, which was filed in the above court on November 06, 2013 at the Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, CA 90069, affects possession of real property in that Plaintiffs seek to claim damages for an unlawful foreclosure

1

1  and trustee sale from the real property located in Los Angeles County at **1285 Pleasantridge**

2  **Dr., Altadena, CA 91001-1515** (the "subject property"), and legally described as:

3

4  The land referred to herein is situated in the county of Los Angeles, State of California,

5  and is described as follows:

6  Parcel ID Number 5843-029-048 and currently known as the address of **1285**

7  **Pleasantridge Dr., Altadena, CA 91001-1515** in the Office of the County Recorder

8  of said County.

9  APN: 5486-021-007

10  Attached documents include (1) Trustee web site printout, and (2) conformed copy of cover/page

11  1 of State Complaint BC526728.

12

13  As set forth in the Complaint in the above-captioned action, affects possession of real property in

14  that Plaintiffs seek to claim damages for an unlawful foreclosure and trustee sale and obtain

15  damages based on the following causes of action:

16

17  1.  **VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS  [Cal. Civ.**
     **Code §§ 2920.5, *et seq*];**

18  **Additionally complaint filed on November 6th shall be amended to include the fallowing**

19  **cause of action:**
    1.  **FRAUDULENT MISREPRESENTATION;**

20  2.  **PROMISSORY ESTOPPEL;**

21  3.  **NEGLIGENT MISREPRESENTATION;**

22  4.  **PRELIMINARY AND PERMANENT INJUNCTION;**
    5.  **DECLARATORY RELIEF**

23

24  Dated: November 7, 2013

25

26  By: _____

27  Abraham A. Labbad, Esq.
    Attorney for Plaintiffs

28  MARY R. RICHARD and
    WILLIE RICHARD, JR.

2

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )          Case Number: BC526728
COUNTY OF LOS ANGELES        )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years, and not a party to the above-named action.  My business mailing address is: 1264 Sonoma Drive Altadena, 91001.

     On November 07, 2013, I caused the following documents to be served:

## NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

on the interested parties in this action by placing a true copy of the document(s) listed above, enclosed in sealed envelope(s) with postage fully prepaid addressed as follows:

[ X ]   **By Certified Mail, Return Receipt Requested:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing, under which it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California.  I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after deposit of mailing affidavit.

     I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on November 07, 2013, at Los Angeles, California.

Joseph Boyadjian

3

Search Trustee Sales | LPS Agency Sales And Posting                        http://www.lpsasap.com/ts.aspx

**LPS Agency Sales And**
**Posting**

Banking Mortgage Information
Technology

LPS ASAP - One Source, Powerful Solutions

| HOME | COMPANY | SERVICES | CONTACT US | F.A.Q. | |
|---|---|---|---|---|---|

## Terms of Use

By using this service you agree to the terms described below

While LPS - Agency Sales and Posting has attempted to make the information on this server as accurate as possible, the information on this Web server is provided in good faith without any express or implied warranty.

There is no guarantee given as to the accuracy or correctness of any individual item on the server. Persons accessing the server who require confirmation of any information should refer directly with their representative at LPS - Agency Sales and Posting.

LPS - Agency Sales and Posting does not accept responsibility for any loss or damage occasioned by use of the information contained on the server. All access and use is at the risk of the user. LPS - Agency Sales and Posting reserves the right to discontinue providing the information at any time without notice and to impose limitations on access. Individual users are responsible for any charges that their use may incur.

**Sales Search**

State:
County:
City:
Zip Code:
TS #:
ASAP #:
APN:
Property Address:

Sale Date Range:

Start Date:
End Date:

Search   Clea
Sale history is limi
today

RSS

Your search returned 1 record(s).

Summary View
Displaying 200 records per page:

1

| Sale Date | Property Detail | Sale Detail |
|---|---|---|
| | | **Sale Status:** Postponed to 11/08/2013 |
| | | **TS Number:** CA122465CS |
| | **Address:** 1285 PLEASANTRIDGE DRIVE | **ASAP Number:** 4362080 |
| | | **Notice of Sale Amt:** $592,970.87 |
| **Friday** | **City:** ALTADENA | **Opening Bid Amt:** 0 |
| 11/8/2013 11:00:00 AM | **State:** CA | **Sold Amt:** 0 |
| | **Zip:** 91001 | **Sale Location:** By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766 |
| | **County:** Los Angeles | **Trustee:** Summit Trustee Services, LLC |
| | **APN:** 5843-029-048 | **Trustee Phone#:** 858-790-5162 |

1

Copyright © 2013 Lender Processing Services, Inc., All rights reserved.

Privacy Statement | Site Support (3) | v4.0.2.14457

**LAW OFFICES OF ABRAHAM A. LABBAD**
Abraham A. Labbad, Esq. (CA Bar No.: 271349)
183 North Hill Ave. #203
Pasadena. CA 91106
Office: (818) 253-1529
Fax: (818) 530-9236
Attorneys for Plaintiffs
MARY R. RICHARD and WILLIE RICHARD, JR.

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 06 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (UNLIMITED CIVIL)

CENTRAL DISTRICT COURTHOUSE (STANLEY MOSK)

| | |
|---|---|
| MARY RICHARD and WILLIE RICHARD, <br><br> Plaintiffs, <br><br> vs. <br><br> CALIBER HOME LOANS, INC.. a Corporation; SUMMIT MANAGEMENT COMPANY, LLC, a Limited Liability Company; and Does 1 to 10. Inclusive. <br><br> Defendants. | Case No.: **BC526728** <br><br> **VERIFIED COMPLAINT FOR:** <br><br> **VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS** [Cal. Civ. Code §§ 2920.5, *et seq*] <br><br> (DEMAND FOR JURY TRIAL) |

Come now Plaintiffs, and demanding trial by jury, complain and allege as follows:

## PARTIES

1.    Plaintiffs MARY R. RICHARD ("MARY") and WILLIE RICHARD, JR. ("WILLIE") (hereinafter "Plaintiffs") (husband and wife) now, and at all times relevant to this complaint, are individuals residing in the County of Los Angeles, and the current owners and residents of real property commonly known as **1285 Pleasantridge Dr., Altadena, CA 91001-**

1

VERIFIED COMPLAINT

# ACKNOWLEDGMENT [Gov. Code § 27287]

STATE OF_____)

                            ) ss:

COUNTY OF _____)

On _____, before me, _____, a Notary Public in and for said state personally appeared _____ _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his signature on the instrument the person(s) or entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

_see attached certificate_

Signature of NOTARY PUBLIC

                                                 NOTARY SEAL

4

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of *Los Angeles*

On *Nov 7, 2013* before me, Denetia Arellanes, Notary Public,
<span style="font-size:smaller">Date</span>     <span style="font-size:smaller">Here Insert Name and Title of the Officer</span>

personally appeared *Abraham A. Labbad*
<span style="font-size:smaller">Name(s) of Signer(s)</span>

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
<span style="font-size:smaller">Signature of Notary Public</span>

**Place Notary Seal Above**

DENETIA ARELLANES
Commission # 1985318
Notary Public - California
Los Angeles County
My Comm. Expires Aug 15, 2016

----

**OPTIONAL**

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: *Notice of Pendency of Action (Lis Pendens)*

Document Date: *Nov 7, 2013*     Number of Pages: *5x adjudicato*

Signer(s) Other Than Named Above: _____

## Capacity(ies) Claimed by Signer(s)

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____
_____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

# EXHIBIT B

 **CT Corporation**

<div align="right">

**Service of Process Transmittal**
11/14/2013
CT Log Number 523887506

</div>

TO:     Thomas Colatriano
        Caliber Home Loans, Inc.
        3701 Regent Blvd.
        Irving, TX 75063

RE:     **Process Served in California**

FOR:    Caliber Home Loans, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mary Richard and Willie Richard, Pltfs. vs. Caliber Home Loans, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Cover Sheet, Instructions, Addendum and Statement, ADR Packets, Verified Complaint(s), Exhibit(s), Declaration(s), Application, Memorandum, Notice(s) of Pendency, Proof(s) of Service, Acknowledgment, |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA Case # BC526728 |
| **NATURE OF ACTION:** | Violation of California Homeowner Bill of Rights - Defendants practice on negotiating with homeowners in default on their loans for a loan modification while simultaneously advancing the foreclose process is commonly referred to as "dual tracking." |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/14/2013 at 14:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Abraham A. Labbad Law Offices of Abraham A. Labbad 183 North Hill Ave. #203 Pasadena, CA 91106 818-253-1529 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/15/2013, Expected Purge Date: 11/20/2013 Image SOP Email Notification, Thomas Colatriano thomas.colatriano@caliberhomeloans.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT C

## Case Summary

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Case Number:** BC526728
MARY RICHARD ET AL VS CALIBER HOME LOANS INC ET AL

**Filing Date:** 11/06/2013
**Case Type:** Mortgage Foreclosure (General Jurisdiction)
**Status:** Pending

Future Hearings

**05/06/2014** at 09:00 am in department 12 at 111 North Hill Street, Los Angeles, CA 90012
Conference-Case Management

Documents Filed | Proceeding Information

Parties

CALIMER HOME LOANS INC - Defendant/Respondent

DOES 1-10 - Defendant/Respondent

LAW OFFICES ABRAHAM A. LABBAD - Attorney for Plaintiff/Petitioner

RICHARD MARY - Plaintiff/Petitioner

RICHARD WILLIE - Plaintiff/Petitioner

SUMMIT MANAGEMENT COMPANY LLC - Defendant/Respondent

Case Information | Party Information | Proceeding Information
Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

Documents Filed (Filing dates listed in descending order)

**12/04/2013** Notice-Case Management Conference
Filed by Clerk

**11/06/2013** Ex-parte Request for Order
Filed by Attorney for Pltf/Petnr

**11/06/2013** Complaint

**11/06/2013** Affidavit of Prejudice--Peremptory
Filed by Attorney for Pltf/Petnr

**11/06/2013** Declaration (RE TELEPHONIC NOTICE OF EX PARTE )
Filed by Attorney for Pltf/Petnr

Case Information | Party Information | Documents Filed

Proceedings Held (Proceeding dates listed in descending order)

**11/06/2013** at 08:30 am in Department 85, James C. Chalfant, Presiding
Exparte proceeding - **Denied**

**11/06/2013** at 08:30 am in Department 82, Luis A. Lavin, Presiding
Affidavit of Prejudice - **Granted**

Case Information | Party Information | Documents Filed | Proceeding Information

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Christina A. Snyder _____ and the assigned Magistrate Judge is _____ Margaret A. Nagle _____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV9236 CAS MANx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 16, 2013

Date

By   J.Prado

Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MARY RICHARD and WILLIE RICHARD | CALIBER HOME LOANS, INC., f/k/a VERICREST FINANCIAL, INC. and SUMMIT MANAGEMENT COMPANY, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Abraham A. Labbad LAW OFFICES OF ABRAHAM A. LABBAD 183 North Hill Avenue #203 Pasadena, CA 91106 | Steven K. Hwang PERKINS COIE LLP 1888 Century Park East Suite 1700 Los Angeles, CA 90067-1721 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal pursuant to 28 U.S.C. §§ 1332, 1441 (b) and 1446.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☒ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

CV15 9236

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2 CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)     [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Texas |

(c) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date December 16, 2013
Steven K. Hwang

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |